LULA JOHNSON et al., Respondents, v. SOVEREIGN
CAMP OF THE WOODMEN OF THE WORLD,
Appellant.

Kansas City Court of Appeals, June 4, 1906.

1. **PLEADING: Petition: Consideration: Statute.** Under section
894, Revised Statutes 1899, all instruments of writing promising
to pay money or property shall import a consideration; and it
is unnecessary in a petition on such paper to aver there was a
consideration therefor.

2. **CONTRACT: Answer: Evidence.** Where the action is on a
written instrument alleged to be executed by the defendant the
failure to deny its execution under oath admits the existence of
the instrument as pleaded and there is no necessity to introduce
the instrument in evidence.

3. ———: ———: **Consideration: Evidence.** Though the admis-
sion of the execution of a contract is not denied, still the de-
fendant under proper averment may prove that the contract
never existed or failed.

4. **BENEFIT SOCIETIES: Pleading: Certificate: Consideration:
Evidence.** An answer to an action of a benefit certificate plead-
ed that the by-laws required certain payments and that the de-
ceased had not made such payments. *Held*, the pleading was
insufficient, since it should set out the laws of the State of
its incorporation and its own laws required such payment.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shel-
ton*, Judge.

AFFIRMED.

*Reiger & Reiger, Richard A. Jones* and *Brome &
Burnett* for appellant.

(1)   The petition does not state facts sufficient to
constitute a cause of action.   Chem. Works v. Nemnich,
169 Mo. 398; Nagel v. Railway, 167 Mo. 96; Sidway v.
Land, etc., Co., 163 Mo. 372; Fuchs v. St. Louis, 133 Mo.
197; Verdin v. St. Louis, 131 Mo. 151; Pier v. Heinrich-

offen, 52 Mo. 336. (2) This trial court erred in refus-ing to give and be bound by declaration of law, in nature of a demurrer to the evidence, requested by defendant at the close of plaintiff's case, and also at the close of the whole case, and in failing to give and be bound by other declarations of law requested by defendant, in which were embodied the proposition that if B. A. Johnson failed to pay assessments duly levied, during the month when due, to the end that under the laws of the defendant, by the terms of his agreement made part thereof, he was not in good standing at the time of death, plaintiffs were not entitled to recover. Hart v. Johnston, 91 Mo. 414.

*Campbell & Ellison* for respondents.

(1) For a valuable consideration by it received from B. A. Johnson, is a statement of a legal conclusion, and not a fact. We contend that such statement is the statement of an issuable fact, and not the statement of legal conclusion. Nichols v. Nichols, 137 Mo. 187; 12 Ency. Pl. & Pr., sec. 1028; Taylor v. Newman, 77 Mo. 263. (2) Respondents earnestly contend that, on the issues made by the pleadings, the only questions are: First —The death of the insured B. A. Johnson. Second—That respondents are the beneficiaries named in the instrument sued upon—in other words, the identity of the plaintiffs. Thomas v. Life Association, 73 Mo. App. 371; Love v. Insurance Co., 92 Mo. App. 192; Faircloth v. Tinsley, 83 Mo. App. 586.

ELLISON, J.—As declared upon in plaintiff's petition, this action is upon an agreement in writing whereby defendant promised to pay to the plaintiffs, upon the death of B. A. Johnson, an amount of money equal to one assessment on all the members of the defendant not exceeding the sum of $2,000. The defendant's theory is that it is a fraternal benefit society organized under

certain laws of Nebraska with certain rules and by-laws for its operation and that it is doing business in Missouri under a permit certificate from the secretary of state. The judgment in the trial court was for plaintiffs.

The ground of contention between the parties in this court relates to the petition and answer. The petition alleges that defendant is a corporation organized under the laws of Nebraska "and engaged in the life insurance business." That plaintiff, Lula Johnson, was the wife of B. A. Johnson until his death and that the other plaintiffs are their children. That defendant "for a valuable consideration by it received from B. A. Johnson, did make, execute and deliver to said B. A. Johnson an agreement in writing, called a benefit certificate, whereby and by the terms of which, the defendant agreed and promised, upon the death of B. A. Johnson to pay to the wife and children of said B. A. Johnson an amount equal to one assessment upon all the members of the defendant corporation, not exceeding in amount the sum of $2,000," etc.

A demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, was offered and overruled.

The answer of defendant did not deny, under oath, the execution of the written instrument set up in the petition. It was alleged in the answer that defendant was a fraternal beneficiary association created and existing under the laws of Nebraska, having a lodge system and making provision for payment of benefits solely from assessments of members. It was alleged that defendant admits that on or about the third day of May, 1898, it executed its certain beneficiary certificate to B. A. Johnson and at his request on July 31, 1901, it executed the certificate filed in this cause in lieu of the first one. The answer then alleged that under the agreement of said Johnson and defendant "evidenced by the certificate and laws of defendant" the consideration for and a condition precedent to liability of defendant to pay the certificate

was that at the time of Johnson's death he should be a member of defendant association in good standing, "and that during each month after the execution of said agreement, and on or before the first of the month succeeding, he pay to the defendant one assessment and dues of the association and that, if the assessment and dues were not paid, the member would become immediately suspended and the agreement null and void." The answer then alleged that an assessment was levied for the month of February, 1903, payable the first of March. That such assessment was not paid by Johnson and that therefore he ceased to be a member and the certificate or agreement became void and of no effect, and that there was no liability thereunder.

At the trial, objection was made to any evidence in plaintiff's behalf on the ground that the petition did not state a cause of action. The specific ground of objection to the petition is, that in stating the consideration for the written agreement this language was used; that "defendant for a valuable consideration by it received from said B. A. Johnson, did," etc. The defendant insists that in stating that the agreement was made for a "valuable consideration," the pleader did not state an issuable fact but merely a legal conclusion; and that the consideration itself should have been alleged. If we should agree with defendant that an issuable fact was not stated, it would serve no purpose in aid of defendant. There was no necessity for alleging any consideration at all. Our statute (section 894, Revised Statutes 1899) declares that all instruments of writing whereby one promises to pay another any money or property "shall import a consideration." We may therefore reject, as surpusage, the words criticised and have a good petition remaining.

Plaintiffs proved their relationship to Johnson, his death, notice and demand on defendant and its refusal to pay. The certificate sued on was not introduced by

plaintiffs. Defendant offered a demurrer to the evidence which was refused.

By failing to deny the execution of the instrument under oath, the defendant admitted or confessed its execution. [Sec. 746, R. S. 1899.] The execution of what instrument was confessed? Manifestly the instrument alleged or described in the petition. As said in Hart v. Harrison, 91 Mo. 414, 422, the instrument "described in the petition," is confessed. There is therefore no necessity for introducing it in evidence, since its existence, as set forth, being admitted, no issue is made upon which evidence can apply. [State to use v. Chamberlain, 54 Mo. 338; Thomas v. Life Ass'n, 73 Mo. App. 371; Love v. Ins. Co., 92 Mo. App. 192.] When it is said in the cases cited that the execution of such an instrument stood confessed as a valid contract, it was meant, of course, that it was a valid contract so far as its execution was concerned. For, there might be cases where the allegations setting forth or describing such instrument would show, that though executed, it was not, legally, a binding obligation. That, however, is not the case here. The petition describes a valid instrument and its execution, as described, stands confessed.

But though the execution of an instrument of writing, as set forth by a plaintiff, is confessed, it does not follow that the defendant should not be allowed to show, under a proper answer, that no consideration for the instrument had been rendered. [21 Mo. App. 390.] We therefore can see no reason why, in this case, the defendant would not have been able to show, under a proper answer, that deceased Johnson failed to pay his assessments and dues and thereby failed to render the consideration necessary to continue the certificate as a binding contract after its execution. By the terms of the statute, the certificate, as we have said, imports a consideration. But that, of course, does not prevent an affirmation showing that, in point of fact, there was no consideration, or that it failed.

We come then to deal with the sufficiency of the answer. In order to show that Johnson had not rendered a consideration for the agreement to pay the money claimed by plaintiffs, defendant alleged that he failed to pay an assessment for the month of February, 1903, according to its by-laws. To show that, it would have to show a right to levy such an assessment and an obligation on Johnson to pay it. To do that would require authority under the laws of Nebraska, or such by-laws of the association not inconsistent with the law of that State. Neither of these was pleaded and therefore cannot be considered. [McDonald v. Life Ins. Co., 154 Mo. 618.] The mere reference to the "laws of defendant," was not sufficient. When the insurer bases defense upon its by-laws, they must be set up (at least in substance) in the answer. [Gray v. National Ben. Ass'n, 111 Ind. 531.]

From the foregoing these results follow: The answer confessed the execution of the obligation sued on. The answer failed to plead any defense thereto. The plaintiffs having made formal proof of death, etc., and of their being the persons for whom the insurance was taken were entitled to the judgment rendered and it is affirmed. All concur.