MUTUAL LIFE INS. CO. OF NEW YORK v. BATSON.

[88 South. 335, No. 21668.]

INSURANCE. *Company held under no obligation to apply reserve on lapsed policy to extension thereof, in absence of demand.*
Under section 88, chapter 690, of the 1892 Session Laws of New York, an insurance company is under no obligation to apply the reserve on a lapsed life insurance policy to the extension of the policy, unless a demand therefor is made on the company within six months after the lapsing of the policy.

APPEAL from chancery court of Forrest county.
HON. D. M. WATKINS, Chancellor.
Suit by Mrs. Sarah S. Batson against the Mutual Life Insurance Company of New York. Decree for plaintiff, and defendant appeals. Reversed and bill dismissed.

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant.

*Tally & Mayson,* for appellee.

No brief found in the record for either side.

SMITH, C. J., delivered the opinion of the court.

On March 25, 1902, the appellant executed and delivered to R. T. Batson its two insurance policies for one thousand dollars each on the life of Batson, payable to

his wife, on which the annual premiums were payable in advance on the 25th day of March of each year. In October, 1914, Batson borrowed from the company three hundred and sixty-seven dollars on each of the policies, executing and delivering to the company his two promissory notes each for that amount, and also delivering to the company the two policies as security for the notes. These notes were due on March 25, 1915, the date on which the next premiums on the policies became due after the execution of the notes, and the cash-surrender value on each of the policies on that date was three hundred and sixty-seven dollars, the amount on each note. Batson failed to pay these notes when they became due or thereafter, as well as the premiums due on the policies on March 25, 1915, and, after some negotiations between him and the company relative to the renewal of the policies, they were canceled by the company. Batson died on November 29, 1915. After his death his widow, the beneficiary in the policies and the appellee herein, exhibited an original bill against the appellant, alleging, among other things, that on March 25, 1915, the cash-surrender value of each of the policies was four hundred and three dollars, an amount sufficient to pay each of the notes and to carry each of the policies beyond the date of the death of the insured; and, second, that the reserve on each of the policies on that date was also more than sufficient to carry them beyond the date of the death of the insured. The bill prayed for an accounting and for a decree against the company for the face of the policies, less what might be found to be due the company thereon, and there was a decree accordingly.

1. The policies each contain a table setting forth the cash-surrender and loan values thereof "for end of each year." The cash-surrender value for end of the twelfth year is three hundred and thirty-two dollars, for end of thirteenth year, three hundred and sixty-seven dollars, and for end of fourteenth year, four hundred and three dollars. The loan value for end of twelfth year is three

hundred and sixty-seven dollars for end of thirteenth year is four hundred and three dollars, and for end of fourteenth year is four hundred and forty-one dollars. The loan value for the end of each year, it will be observed, becomes the cash-surrender value for the end of the next year.

The notes were for three hundred and sixty-seven dollars each, the loan value of each of the policies for the end of the twelfth year, and matured on March 25, 1915, the end of the thirteenth year, and, as the cash-surrender value of each policy was then three hundred and sixty-seven dollars, it was sufficient only to liquidate the notes. The appellant seems to have either confused loan value with cash-surrender value, or to have overlooked the fact that these values apply at the end and not at the beginning of the year.

2. The policies are governed, according to the contention of each of the parties hereto, and we will therefore assume, by the statutes of the state of New York, and one of the appellee's contentions is that the evidence discloses that the reserve on each of these policies computd as provided in section 88, chapter 690, of the 1892 Session Laws of New York was sufficient to have continued each of the policies in force beyond the date of the insured's death. The appellant contends that this statute has no application here on account of a provision in the policies authorized by another statute, but, assuming for the sake of the argument that the statute does apply, it can afford the appellee no relief for two reasons: First, no demand was made by either the insured or the appellee on the company within six months after the policies lapsed for the application of the reserve thereon to the purchase of extended insurance, which demand is by the statute "required to be made to prevent the forfeiture of the policy;" second, the evidence does not disclose what the reserve on these policies amounted to on March 25, 1915; the only evidence relative thereto being the amount of the dividends apportioned by the company at the end of twenty-

year distribution periods, provided therein to policies for one thousand dollars issued in 1896, 1897, 1898, and 1899, some of which were certainly and others probably different from the policies here in question.

*Reversed, and bill dismissed.*