# National Life Ins. Co. of Washington, D. C. *v.* Sparrow.[*]

(Division B. Sept. 24, 1928.)

[118 So. 195. No. 27069.]

---

[*]Corpus Juris-Cyc References: Contracts, 13CJ, p. 566, n. 85; Equity, 21CJ, p. 100, n. 74; Insurance, 32CJ, p. 1308, n. 11; Life Insurance, 37CJ, p. 486, n. 16; On the question as to whether existence of indebtedness from insurer to insured in an amount sufficient to pay premium or assessment will prevent forfeiture of policy for nonpayment of premium, see annotation in 23 L. R. A. (N. S.) 304; L. R. A. 1918D, 1014; 14 R. C. L. 966; 3 R. C. L. Supp. 323; 6 R. C. L. Supp. 845; 7 R. C. L. Supp. 478.

*Wm. Estopinal,* for appellant.

*Mize, Mize & Thompson,* for appellee.

ANDERSON, J. Appellee filed the bill in this case on the chancery side of the county court of Harrison county against appellant on two insurance policies issued by the latter to appellee's husband, Dolan Sparrow, deceased, in which appellee was named as beneficiary. There was a trial before the county judge, acting as chancellor, resulting in a decree in appellee's favor, from which decree appellant prosecuted an appeal to the circuit court of Harrison county, where the decree of the county court was affirmed. From that judgment, appellant prosecutes this appeal.

One of the policies sued on is a straight life policy; the other is a combination life insurance and sick and accident benefit policy. The policies are separate and distinct contracts. The combination life insurance and sick and accident benefit policy bears date July 27, 1925, and the straight life policy bears date July 12, 1926. The combination policy provides for the payment of a weekly premium of twenty-five cents, and the straight life policy provides for the payment of a weekly premium of thirty-five cents. Both policies provide that, in event the weekly premiums were not paid in advance for four consecutive weeks, the policies should lapse and become null and void, and the premiums previously paid forfeited to the appellant.

The illness from which the insured died extended over a period of about one month. The evidence on behalf of appellant tended to show that, at the time of his death, default had been made in the payment of weekly premiums on both policies for a period of more than four weeks immediately before his death. The evidence showed, without conflict, however, that during the period of insured's last illness, and before the expiration of the period of four weeks in which default had been made in the payment of premiums on the policies, there had accumulated and been allowed by appellant to the insured on the combination policy sick benefits in the sum of eight dollars and twenty-five cents, which was more than enough to pay the premiums on both policies up to the time of the death of the insured. The evidence for appellant tended to show that these sick benefits were tendered to the insured before his death, and by the latter declined, on the ground that he was entitled to a larger amount than that tendered.

Appellant's position is that both policies had lapsed and become void because of default in the payment of the weekly premiums, while appellee's position is that, under the law, it was the duty of appellant to have appropriated

to the unpaid premiums the sick benefits due by appellant to the insured, which would have been more than enough to have paid said premiums, and therefore no lapse in the policies had taken place. Appellant argues that appellee is estopped from making that contention, because the sick benefits provided by the policy had been tendered by appellant to the insured before his death, and by him declined.

Where an insurance company has in its hands funds belonging to the insured, it is the duty of the company, under the law, to apply such funds to the payment of any premiums or assessments which may be due at the time by the insured, and the insurance company cannot escape liability by refusing to so apply such funds. *Mutual Life Ins. Co.* v. *Breland,* 117 Miss. 479, 78 So. 362, L. R. A. 1918D, 1009; 33 C. J., section 548, p. 1308. Courts do not favor forfeitures, when to do so would be against equity and good conscience. We think it would be unconscionable to hold that appellant had the right to declare these policies forfeited because of nonpayment of premiums thereon, when appellant had in its hands, at the time such premiums became due, more than enough money belonging to the insured to pay the premiums. The fact, if it be a fact, that the appellant tendered to the insured the sick benefits which had accumulated and been allowed to him by appellant during his last illness, and which tender the insured wrongfully refused, is wholly immaterial. The insured's money was in appellant's hands. It belonged to the insured, and not to the appellant. It was the duty of the appellant to appropriate it, so far as necessary, to the payment of the premiums in default.

We are of the opinion that no case cited by the appellant is in conflict with this view. Appellant seems to lay special stress on the case of *Mutual Life Ins. Co.* v. *Batson,* 125 Miss. 789, 88 So. 335. We do not think that case is in point. It was there held that under a New

York statute an insurance company is under no obligation to apply the reserve on a lapsed policy to the extension of the policy, unless a demand therefor is made on the company within six months after the lapse. It will be seen that the decision in that case was controlled by a New York statute and the provisions in the policy itself.

*Affirmed.*