SUPREME LODGE OF WOODMEN OF UNION v. WALKER.

Opinion delivered March 24, 1930.

J. D. Shackelford, for appellant.

Arthur D. Chavis, for appellees.

KIRBY, J. This appeal is prosecuted from a judgment against appellant, upon a policy of insurance or a benefit certificate for $500 issued to William Walker, colored, naming appellees beneficiaries therein. The insured was required to pay $1.25 per month for his membership and insurance, which provided a sick benefit of $5 per week for total disability, and $3 per week for

partial disability. Walker was taken sick about the first Sunday in April, 1927, while in good standing in the Union, and continued sick until his death in October, 1927. During the sickness in the last of August, 1927, appellant paid Walker sick benefits amounting to $8 through the local lodge of Pine Bluff, under the policy for which credit was given when suit was brought for the balance of $492, and for which judgment was recovered.

Appellant company claimed that insured had failed to pay his dues or premium for the month of August, during that month, and his policy had lapsed on that account, and denied any liability.

The testimony is in conflict: that on the part of appellees tending to show that the August premium was paid in August within the time designated therefor by the by-laws of the Union, while the evidence upon appellant's part conduced to show that the August dues or premium was not paid to the local agent until early in September, after the time for payment had expired; that it was never sent to the treasurer of the Union at Hot Springs at all, but later on, after the death of the insured, was returned by the local agent to one of the beneficiaries, the widow declining to accept it. The check for the sick benefit, $8, was for the month of August, and was delivered to the insured sometime during the last of that month.

The question for determination is one of fact, whether the August dues were paid. Although the insurance company could not declare a forfeiture of the sickness or accident policy for nonpayment of installments of premiums or dues while it had in its own hands due the insured on account of sickness a larger amount of money than was required to pay the installments of premiums or due thereunder (*Continental Casualty Co.* v. *Baker,*) and could have deducted from the benefit or indemnity due the member for August the amount of his dues or premium—$1.25—for that month unpaid on the 15th, it did not do so, but paid the whole amount, none of which

was returned to it. It may be conceded, that the preponderance of the testimony shows that the dues for August were not given to the local agent of the Union at Pine Bluff until after the month of August had expired, and on September................., but, as already said, the testimony was in conflict on this point, and the jury found in appellees' favor on instructions not complained of, and upon substantial testimony sufficient to support the verdict, which cannot be disturbed on appeal.

The judgment is accordingly affirmed.