**NORTHWESTERN NAT. LIFE INS. CO.
v. CANON.**

No. 3577.

Court of Civil Appeals of Texas. El Paso.

Nov. 18, 1937.

Guinn & Guinn, of Rusk and Malone, Lipscomb, White & Seay, of Dallas, for appellant.

Emerson Stone, of Jacksonville, and E. B. Lewis, of Rusk, for appellee.

HIGGINS, Justice (after stating the case as above).

Under the terms of the policy the insured had the right to dispose of annual dividends in various ways as indicated above. He elected to have the dividends left to accumulate at interest. The appellant could not dispose of those dividends in any other manner except by breaching its contractual obligation. This is true because subsections d of sections 4 and 7 provided that the annual dividend might be left to accumulate as interest bearing savings withdrawable at any time. In the application the insured elected to have said dividends so left with the company. At the time of the death of the insured the company had in its hands the sum of $45.-16, representing accumulated dividends and interest. Appellant tendered this sum, but declined to pay any portion of the face amount of the policy. The sum stated was more than sufficient to pay the premium installment due December 11, 1935, and,

if it had been applied in payment of said installment, the policy would have been in effect on the date of the death of the insured.

It is the theory of the appellee that it was the duty of the appellant to so apply the accumulated dividends, and that the law would so apply the same and keep the insurance in effect under the holdings in Timmerman v. Bankers', etc., 122 Tex. 603, 63 S.W.2d 687, 689; Bankers', etc. v. Springer (Tex.Civ.App.) 81 S.W.2d 756, and other cases of like import. The authorities cited have no application in the present case.

The distinguishing feature of this case is that portion of the contract under which the insured had the right, if he so elected, to have the dividends accumulate as an interest bearing savings fund. He elected to avail himself of that option, and the insurer was contractually obligated to so hold the dividends. Under the contract the insurer had no right to divert accumulated dividends to the payment of delinquent premiums. The insured had the right to let his policy lapse and withdraw the accumulated dividends. If he had so elected, the insurer could not have declined to pay the same, because it had otherwise disposed of the accumulated dividends by paying premiums due upon the policy. The authorities fully support the view that under the contract in this case the insurer had no right to apply the dividends in payment of premiums, and the policy lapsed because of the failure to pay the premium due December 11, 1935. See the following: General American Life Ins. Co. v. Day (Tex.Civ.App.) 89 S.W.2d 1012; Williams v. Union Central Life Ins. Co., 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693; Great Southern Life Ins. Co. v. Wester, 127 Tex. 274, 92 S.W.2d 238. See, also, note in 92 A.L.R., 712; Elton v. Northwestern, etc., 192 Minn. 116, 255 N.W. 857; Rundle v. Northwestern, etc., 65 N.D. 367, 259 N.W. 43.

The judgment is reversed and reformed by limiting recovery to the sum of $45.16, being the amount of accumulated dividends tendered to appellee and refused by him, and which sum was paid into the registry of the trial court.

All costs in the trial court and in this court are taxed against the appellee.

Reversed and reformed.