UNIVERSAL LIFE INS. CO. *v.* FORD.

(Division A.    May 9, 1938.    Suggestion of Error Overruled June 6,
1938.)

[180 So. 823.    No. 33199.]

Joseph E. Brown, of Natchez, for appellant.

Brandon & Brandon, of Natchez, for appellee.

Argued orally by **Joseph E. Brown,** for appellant.

**McGehee, J.**, delivered the opinion of the court.

The judgment appealed from in this case was rendered in a suit filed by the appellee on two policies of life, health, and accident insurance, covering an alleged disability caused by an accidental injury for the period beginning February 24, 1934, and continuing to September 28, 1935, and during which period the benefits for continuous disability would have amounted to the sum of $415, at the rate of $5 per week. The judgment, however, was for only the sum of $100.

One of the policies provides, among other things, for accident benefits at $3 per week, while the other provides for such benefits at $2 per week, and the two contain the same terms and conditions throughout governing the liability of the insurer.

The declaration alleged that the appellee sustained an accidental injury on January 10, 1933, from which he had suffered disability within the terms of the policies; that in a previous suit returnable to the March, 1934, term of the circuit court of Adams county he had claimed disability benefits on account of said injury for a period beginning from January 10, 1933, and continuing to February 24, 1934, at the total sum of $5 per week provided for under the two policies, aggregating $292.85; and that thereafter settlement was made between the parties "for the amounts of benefits sued for in said suit to said date of February 24th, 1934." The proof in the present suit shows, and the judgment entered in the previous suit recites, that the first suit was settled by agreement of the parties at the sum of $150 and costs, but the amount of the judgment was immaterial as affecting the issues here involved, since the result of such judgment was to settle the issues raised by the pleadings in the first suit, that is to say, no obligation of either the insurer or insured to each other under the policies was left outstanding and unsatisfied so far as the period from January 10, 1933, to February 24, 1934, was concerned.

There was reserved to the insured the right to bring, without prejudice, any suit for any subsequently accruing disability benefits or claims for the same alleged disability, which he might claim or demand as having matured and become payable subsequent to the time for which the first suit was brought, and reserved to the insurer its right of defense thereto.

The jury was warranted in finding under the conflicting evidence in the case at bar, on the question as to whether the weekly premiums were in arrears for such time as would cause the policies to lapse, that the insurance was in full force and effect on January 10, 1933, when the insured sustained his accidental injury and disability; and that the weekly premiums were continually paid as provided for in the policies until and including May 22, 1933, but that none were thereafter paid. There was no provision contained in the policies that would relieve the insured of the payment of the weekly premiums during the period of disability.

It is contended, however, by the appellee, that it was the duty of the appellant to apply the accrued accident disability benefits of $5 per week, or so much thereof as may have been necessary, to the payment of the premiums so as to keep the policies in force after February 24, 1934, and continuing through the period now sued for. Such a duty was in reality imposed by law upon the insurer to the extent of accrued and unpaid disability benefits, if any, under the authority of the cases of National Life Ins. Co. v. Sparrow, 151 Miss. 387, 118 So. 195, and Daggett v. Prudential Life Ins. Co., 175 Miss. 89, 166 So. 405.

The appellee elected in his first suit to sue for the full amount of accrued benefits on account of all liability of the insurer to him from January 10, 1933, to February 24, 1934. The compromise settlement of that suit, however, covering such period, had the effect of adjusting both the liability of the insurer for accidental benefits and the liability of the insured to pay any premiums

that may have been in arrears on February 24, 1934. This judgment, which was not agreed upon and entered until April 13, 1935, shows on its face that the policies were not deemed by the appellee to have become lapsed on February 24, 1934, since the right was therein expressly reserved to him to bring any other suit desired for any subsequently accruing disability benefits which he might claim or demand as having matured and become payable subsequent thereto. Therefore, if the appellee was still disabled within the meaning of the policies and continued so disabled from and after February 24, 1934, then there was imposed upon the insurer the duty to pay any premiums thereafter accruing out of any unpaid disability benefits to thereafter accrue. This issue of disability was submitted to the jury under sufficient evidence to justify its submission; and while the verdict in the sum of only $100 shows that the jury was not satisfied that the appellee was continuously disabled throughout the period sued for from February 24, 1934, to September 28, 1935, we would not be warranted in applying the verdict to any particular period of such alleged disability so as to work a forfeiture of the policies for nonpayment of the premiums, and so as to hold that the appellant was entitled to a peremptory instruction. Since no other error is complained of, the judgment must be affirmed.

Affirmed.