## AMERICAN NAT. INS. CO. v. FOSTER.
### No. 13582.

Court of Civil Appeals of Texas. Fort Worth.

July 9, 1937.

Rehearing Denied Sept. 10, 1937.

Carrigan, Hoffman & Carrigan and James E. Prothro, all of Wichita Falls, for plaintiff in error.

J. R. Wilson and Guy H. McNeely, both of Wichita Falls, for defendant in error.

DUNKLIN, Chief Justice.

The American National Insurance Company has appealed from a judgment in favor of Georgia Etta Foster on a life insurance policy issued by the defendant to Willie K. Foster, deceased, and in which plaintiff was named as beneficiary.

Willie K. Foster was 12 years of age at the time the policy was issued and plaintiff was her mother. The policy was dated November 15, 1926.

The judgment rendered was for the sum of $700, the amount named in the face of the policy, plus 12 per cent. penalty in the sum of $84, and plus $200, as attorney's fees, aggregating a total of $984, with interest from the date of the judgment at the rate of 6 per cent. per annum.

The first page of the policy reads as follows:

"American National
Insurance Company

"Home Office                    Incorporated
"Galveston, Texas      by the State of Texas

"In consideration of the payment in advance of the premium mentioned in the schedule below on or before each Monday during the continuance of this contract. Doth Hereby Agree, subject to the agreements and conditions below and on the reverse hereof, each of which is hereby made part of this contract and contracted by the assured to be part hereof as fully as if herein recited, to pay, immediately upon receipt of due proof of the death of the Insured made in the manner, to the extent and upon the blanks required herein, and upon surrender to the Home Office of this Policy and all Receipt Books, The Amount Stipulated in said Schedule. Provided, however, that no obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured is alive and in sound health.

Schedule (above referred to)

| Name of Insured Willie K. Foster | Name of Beneficiary Georgia Etta Foster |
|---|---|

| Age Next Birthday 12 years | Weekly Premium 25 cents | Amount Payable if death occurs within six months from date hereof..$700.00" |
|---|---|---|
|  |  | Amount payable if death occurs thereafter ......$700.00" |

On the reverse side of the first page of the policy numerous agreements and conditions, privileges and concessions are listed, but the following are the only ones

material to the issues involved on this appeal:

"Agreements and Conditions

"Fourth: in the event of the death of the Insured while this Policy is in force, the Company will pay the sum of money due hereunder to the beneficiary named in the schedule on the first page hereof, or endorsed hereon, if living; if not living, to the Insured's Executors, Administrators, or Assigns. Or in the event the beneficiary is a minor, the Company may pay the insurance to the nearest blood relative, or husband or wife of the beneficiary as trustee for the beneficiary. Or in the event the insurance is payable to the Insured's estate, the company may pay it to any blood relative or husband or wife who makes claim for the insurance and submits satisfactory evidence of having incurred expense on account of the death of the insured."

"Privileges and Concessions

"Grace in Payment of Premium—Should the insured die while the premiums on this policy are in arrears for a term not exceeding four weeks, the Company will pay the benefits provided herein subject to the conditions of this Contract and subject to deduction of premiums in arrears.

"Reinstatement—The insured out of benefit may be reinstated upon payment of back premium in full, and upon passing a satisfactory medical examination (but such an examination may be waived by the Company if it desires to do so). * * *

"Exchange for Ordinary Policy—On the fifth anniversary from the date hereof, or at any time thereafter, provided the premiums have been properly paid and while this Policy is in force, the Company will credit the full amount of the Legal Reserve on this policy, at the time of such surrender to the payment of premiums on a new Ordinary Policy, subject to the following provisions:

"Provided that the then age of the Insured is not less than ten years at next birthday, and upon application by the insured and upon surrender of this Policy and all Premium Receipt Books, and upon receipt of evidence of insurability satisfactory to the Company.

"The Ordinary Policy (on any Plan of Ordinary Life Insurance then issued by the Company) to be issued based on the age of the Insured attained at the time of such surrender;

"And provided that such new Policy shall be for a sum of not less than One Thousand Dollars ($1,000.00) and that if the amount of Legal Reserve hereunder be not sufficient to pay the first year's premium on such new Policy, the balance thereof shall be paid to the company in cash. * * *

"Whole Life—Free Policy

"(1) At any time after premiums have been paid hereon for three full years, and while this Policy is in force, the Company will, upon written application to the Home Office upon blank furnished by the Company accompanied by this Policy and all Receipt Books, grant the Insured a Free Policy of life insurance, payable at the same time and under the same conditions as this Policy, but upon which no further payment of premiums shall be required, in accordance with the following table."

Following that is a table which shows that at the age of 18 years, which was the age of the insured at the time of her death, she would have been entitled to a whole life paid-up policy for the sum of $60.65.

Following that table are these stipulations:

"(1) Cash Value—At any time after Premiums have been paid for ten full years hereon and while this Policy is in force, the Company will upon application upon blank furnished by the Company, and upon surrender of this Policy and all Receipt Books to the home office, pay the Insured as a Cash Surrender Value an amount, as indicated in the above table.

"Values in the above table are based on the American Experience Table of Mortality with interest at 3½ per centum per annum.

"Note—The table above is based on a weekly premium of five cents. The values of this Policy are proportionate to the premium. If the premium is ten cents, the values should be doubled. If twenty-five cents, they should be multiplied by five and so on.

"Note—Cash surrender and Free Policy values for subsequent years will be furnished on request.

"Any indebtedness against this Policy will operate to reduce the above guarantees."

Plaintiff alleged that all premiums required were duly paid each and every week

through August 1, 1932. A copy of the policy sued on was attached to her petition as an exhibit.

It was alleged in the petition that the insured died on or about August 5, 1934; that on October 15, 1934, proof of death of the insured was furnished to the defendant in accordance with the requirements of the policy, and claim made thereon for the $700, that on November 23, 1934, the defendant tendered to plaintiff the sum of $50 in full settlement of its liability under the policy, which plaintiff refused, and thereafter this suit was instituted on July 24, 1935, following which the defendant tendered into court the sum of $60.65 as full payment of the amount claimed by plaintiff in the suit.

It was further alleged that the policy was in full force and effect at the time of the death of the insured; that the same had not theretofore been surrendered for its cash value, nor for paid-up insurance; and upon the death of the insured the defendant became obligated to plaintiff for the payment of the $700 stipulated in the face of the policy.

There were further allegations of the refusal of plaintiff's demand, claims for the statutory penalty of 12 per cent. for such refusal, and the attorneys' fees which were awarded by the court in the judgment rendered.

In a separate count, and as an alternative to the first count, plaintiff sought a recovery of the $60.65 as the amount of paid-up insurance if she is not entitled to recover the face of the policy as prayed for in the first count of her petition.

The defendant alleged that the payment of the weekly premium on the policy ceased on August 1, 1932, and by reason thereof its agreement to pay the beneficiary the sum of $700 upon the death of the insured became a nullity.

Defendant further invoked the provisions of the policy under the heading "Whole Life—Free Policy," shown above, followed by allegations that even under those provisions the defendant did not become liable to pay plaintiff any sum of money because of the failure of the insured or beneficiary to make application to the home office of the company for a paid-up free life policy as therein provided; notwithstanding which the defendant tendered into court the sum of $60.65 as full payment under that provision of the policy as though the same had become a binding contract.

The following is the written agreement between the parties made upon the trial of the case:

"It is agreed between the parties that the defendant, American National Insurance Company, on the 15th day of November, 1926, issued an industrial insurance policy No. 490585, insuring the life of Willie K. Albert (Foster) for the benefit of Georgia Etta Foster, at the then age of twelve years, on a twenty-five cents per week insurance premium, payable weekly, providing for payment to the beneficiary in the event of the death of the insured of $700.00. The original policy of insurance is attached hereto and made a part hereof for all purposes.

"It is agreed that regular weekly premiums of 25 cents per week were paid by the insured for the period of five (5) years and thirty-seven (37) weeks, and that after the week of August 1, 1932, no premium payments were made by any one on the policy of insurance herein referred to; that on or about August 8, 1934, Willie K. Albert (Foster) died, and that on the 15 day of October, 1934, the plaintiff herein, Georgia Etta Foster, filed proof of death and claimant's statement as provided for in the death, and made demand on the defendant herein, American National Insurance Company, for the amount claimed to be due her under the policy; that the defendant Company has tendered into court the sum of $60.65 as the sum of money contended by them is due and payable to the beneficiary under the terms and conditions of the policy in question. This tender has been refused by the plaintiff herein upon the contention that the face amount of the policy under the facts and circumstances of the case is $700.00.

"The sum of $60.65 was tendered by defendant Company after this suit was filed upon this policy, the said defendant having theretofore tendered the sum of $50.00.

"It is agreed between the parties that the controversy presents one question of law:

"'Does the policy in question contain such provision as provide, in the event of default in premium payments after premiums shall have been paid for three full years, to secure to the owner of the policy a stipulated form of insurance, the net value of which shall be at least equal to the reserve at the date of the default on the policy?'

"It is agreed between the parties that at the time of default in the payment of premiums by the insured or beneficiary under this policy adequate legal reserve under the provisions as provided by law had accrued to the policy in question to have extended the face amount of the policy on extended term insurance basis for the period of time between the default in payment of premium and the death of the insured, but it is not agreed by the defendant that the policy contained any provision providing for extended term insurance; but only that sufficient legal reserve had accrued which would under extended term insurance pay the premium thereon for the term of two years and four days.

"It is agreed between the parties that the whole life free policy face amount under the facts and circumstances of this case would amount to the tender $60.65.

"It is not agreed by the plaintiff, however, that this is the only form of insurance payable under this policy; that in fact it is the contention of the plaintiff that the legal reserve should have been applied not to the 'whole life free policy' plan as stipulated in the policy contract, but should be applied to the purchase of extended term insurance.

"The Insurance Commission of Texas ruling is as follows: 'Policies of industrial insurance are not subject to provisions of subdivision 7, 8 and 9 of article 4732, R.C.S.Texas, 1925, above referred to.'"

The case was tried without a jury, and findings of fact and conclusions of law filed by the trial judge appear in the record. The findings of fact include those embodied in the written agreement of the parties. Also that the insured did not make any application for a whole life free policy and other facts warranting a recovery of the 12 per cent. statutory penalty and attorneys' fees awarded, none of which is challenged here. The court's conclusions of law are as follows:

"This Court finds that as a matter of law that the policy in question did not contain a provision, which in event of default of premium payments after premiums shall have been paid for three full years, shall secure to the owner of the policy a stipulated form of insurance, the net value of which shall be at least equal to the reserve at the date of default on the policy and on any dividend additions thereto in compliance with subdivisions 7, 8 and 9 of article 4732 of the Revised Civil Statutes of Texas for 1925, nor did it contain provisions substantially as provided for in the said Sections of said Article, because the provisions as contained in the policy in question providing for 'Whole Life Free Policy' is subject to a condition precedent in that the beneficiary or insured is required in order to secure such policy to apply for the same in writing to the Home Office of the Company upon blank to be furnished by the Company accompanied by the policy in question and all receipt books.

"II. The Court further finds as a matter of law that in the absence of such provisions in said policy as is required by subdivision 7, article 4732, Revised Civil Statutes of Texas for 1925, the plaintiff herein has the right to elect to have the legal reserves under the policy at the time of the death of the insured applied to extended term insurance; extending the term of the policy herein sued upon for at least a period of two years and four days intervening between the default in premium payment and the death of the insured; and that by virtue thereof the plaintiff is entitled to recover the face amount of the policy in question, $700.00; together with the penalty and attorney's fee as is fully set out in a judgment in this court rendered, to which reference is here made for all purposes.

"III. The Court finds as a matter of law that the ruling of the Insurance Commissioner of Texas, relating to industrial policies as introduced by the defendant, does not control and is in direct conflict with the express statute of subdivision 7, article 4732, Revised Civil Statutes of Texas, 1925."

■ Cessation of payments of weekly premiums on August 1, 1932, did not of itself terminate the policy and work a forfeiture of plaintiff's right of recovery because as shown in the agreement of counsel, copied above, the defendant then had in hand cash reserves to which the insured was entitled sufficient to pay all the premiums accruing thereafter up to the date of her death; and it was the duty of defendant to so apply those reserves to avoid a forfeiture or lapse of the policy; and that, too, in the absence of any direction so to do by the insured. 24 Tex.Jur. § 27, p. 702, § 189, p. 863; Sterling Mutual Life Ins. Co. v. State

Natl. Bank (Tex.Civ.App.) 62 S.W.(2d) 541; Timmerman v. Bankers' Reserve Life Co., 122 Tex. 603, 63 S.W.(2d) 687; Sovereign Camp, W. O. W., v. Cayton, (Tex.Civ.App.) 74 S.W.(2d) 158; Bankers' Reserve Life Co. v. Springer (Tex. Civ.App.) 81 S.W.(2d) 756; American Ins. Co. v. Hopkins (Tex.Civ.App.) 89 S.W. (2d) 293; Illinois Bankers Life Assur. Co. v. Payne (Tex.Civ.App.) 93 S.W.(2d) 576; Kurth v. National Life & Accident Ins. Co. (Tex.Civ.App.) 79 S.W.(2d) 338.

By reason of those accumulated reserves the policy was still a valid and subsisting contract at the time of the death of the deceased, and therefore plaintiff was entitled to recover the $700 under the plain and unconditional stipulations on the first page of the policy and the "fourth" subdivision on the reverse side thereof, copied above.

Other stipulations in the contract giving to the insured certain privileges, such as exchange of policy for an ordinary life insurance policy of different terms from the one sued on; right of reinstatement after the policy becomes lapsed; grace allowed for payment of premiums after they are in arrears; and right to a whole life free policy after premiums paid for three years and while the policy is in force, were all for the benefit of the insured and not in the interest of the defendant; and none of those privileges was ever claimed by the insured; nor was the suit based on any of the rights so given. The right to claim those privileges was optional to the insured, and the defendant could not take advantage of her failure to assert such rights and thus defeat its obligation to pay the face of the policy. And the same is true of subdivisions 7, 8, and 9 of article 4732, Vernon's Tex.Civ.Statutes, if those provisions should be read into the contract. Gilley v. Missouri State Life Ins. Co., 116 Tex. 43, 273 S.W. 825, 285 S.W. 807; Manhattan Life Insurance Co. v. Wilson Motor Co. (Tex.Civ.App.) 75 S.W.(2d) 721.

It is therefore unnecessary to determine the merits of any of appellant's propositions based on assignments of error, appearing in its briefs, and on which a reversal of the judgment is sought, reading:

"1. A policy of insurance complies with the statutory requirements of subdivisions 7, 8 and 9, article 4732, R.C.S.1925, when it provides for a conversion of the policy into either of the customary forms of non-premium paying insurance.

"2. A provision that the insured may demand extended term insurance in lieu of Paid-up insurance as stipulated in the policy cannot be read into the policy of insurance by operation of law.

"3. Policies of industrial insurance are not required to comply with the provisions of article 4732, Revised Civil Statutes of Texas, 1925, but such policies are issued under the approval of the Insurance Commission of the State under the provisions of article 4750, Revised Civil Statutes of Texas, 1925."

For the reasons stated, the judgment of the trial court was correct, irrespective of the theory upon which the same was rendered, as reflected in the court's conclusions of law, the merits of which it is unnecessary to determine, and therefore it is affirmed. 3 Tex.Jur. § 792, p. 1129.