AMERICAN NATIONAL INSURANCE COMPANY V.
GEORGIA ETTA FOSTER ET VIR.

No. 7341.   Decided July 5, 1939.
Rehearing overruled July 26, 1939.
(130 S. W., 2d Series, 287.)

*James E. Prothro, Carrigan, Hoffman & Carrigan,* all of Wichita Falls, for plaintiff in error.

When a policy of insurance in force, by special provision contained therein, provides the insured with a paid-up policy in case there is a default in payment of premiums, in an amount purchaseable by available reserves, the insured is not entitled to demand that such reserves be applied to the payment of the defaulted premiums to extend the policy of insurance, to the total disregard of the paid-up policy provisions. Manhattan Life Ins. Co. v. Wilson Motor Co., 75 S. W. (2d) 721; Great So. Life Ins. Co. v. Cunningham, 128 Texas 196, 97 S. W. (2d) 672; Illinois Bankers Life Ins. Co. v. Payne, 93 S. W. (2d) 576.

*J. R. Wilson* and *Guy H. McNeely, of* Wichita Falls, and *R. B. Cousins, Jr.,* of Austin, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by Mrs. Georgia Etta Foster to recover on a life insurance policy issued by the plaintiff in error, the American National Insurance Company, on November 15, 1926. The insured was Willie K. Foster, the minor daughter of Mrs. Foster. Mrs. Foster is the beneficiary named in the policy. The case was tried in the district court without a jury, and judgment was rendered for Mrs. Foster for the face amount of the policy ($700.00) together with interest and attorney fees. The Insurance Company appealed, and the Court of Civil Appeals affirmed the judgment of the trial court. 108 S. W. (2d) 689. The Insurance Company has been granted the writ of error.

The material facts are undisputed. They are substantially as follows:

The insured, Willie K. Foster, was 12 years of age at the time the policy was issued in November, 1926. She died on August 8, 1934. The amount of insurance provided in the policy is $700.00. Under the provisions of the policy, the premium installments thereon, amounting to twenty-five cents each, were required to be paid weekly. All premium installments were duly paid as they became due up to and including August 1, 1932. The policy contains a provision allowing a grace period of four weeks for the payment of past due premium installments. After the date last mentioned, no premium installment was ever paid. After the death of the insured, Mrs. Foster made due proof of death of the insured and demanded payment of the amount named in the policy, towit: $700.00. The demand being refused by the Insurance Company, Mrs. Foster instituted this suit. The controlling question in the case, is whether or not Mrs. Foster is entitled to the full amount of the policy as constituting the amount of extended term insurance from the time of the default in the payment of premium installments as shown above. It is admitted by both parties that at the time of such default there was a reserve on the policy of sufficient amount to purchase "extended term insurance," in the sum of $700, for a period extending up to and beyond the date of insured's death. It is also admitted by the parties, that said reserve was of sufficient amount to purchase "paid up insurance" for life, in the sum of $60.65. The policy contains no provision respecting extended term insurance. It contains no provision respecting a cash surrender value in case of default in premium payments prior to ten years after the date of the policy. The controversy respects the following provision contained in the policy:

### "WHOLE LIFE—FREE POLICY

(1) At any time after premiums have been paid hereon for three full years, and while this Policy is in force, the Company will, upon written application to the Home Office upon blank furnished by the Company accompanied by this Policy and all Receipt Books, grant the Insured a Free Policy of life insurance, payable at the same time and under the same conditions as this Policy, but upon which no further payment of premiums shall be required, in accordance with the following table:"

The Insurance Company contends that the foregoing pro-

vision meets the requirement of subdivision 7 of Article 4732 of the Revised Statutes, hereinafter set out, and therefore Mrs. Foster is entitled to recover no other sum than $60.65,— that being the amount of paid up insurance for life provided by the above policy provision. Mrs. Foster disputes this. She contends that said policy provision does not comply with said statute, for the reason that same involves the performance of a condition (written application, while the policy is in force, for the free life policy there provided) and therefore she has the right to choose, as she has done, "extended term insurance" as the type of insurance which shall be enforced. A determination of this dispute calls for an examination of Article 4732 of the statues, and subdivision 7 thereof, which, so far as need be stated here, read as follows:

Art. 4732. "No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall contain provisions substantially as follows:
" * * *

"7. A provision which, in event of default in premium payments, after premiums shall have been paid for three full years, shall secure to the owner of the policy a stipulated form of insurance, the net value of which shall be at least equal to the reserve at the date of default on the policy, and on any dividend additions thereto, specifying the mortality table and rate of interest adopted for computing such reserve, less a sum not more than two and one-half per cent of the amount insured by the policy and of any existing dividend additions thereto, and less any existing indebtedness to the company on the policy. Such provision shall stipulate that the policy may be surrendered to the company at its home office within one month from date of default for a specified cash value at least equal to the sum which would otherwise be available for the purchase of insurance, as aforesaid, and may stipulate that the company may defer payment for not more than six months after the application therefor is made. * * *"

The particular language of subdivision 7 bearing directly on the point in dispute is that which provides, in effect, that the provision which is required "shall secure to the owner of the policy a stipulated form of insurance." It has been held that this statutory requirement is met where the policy contains a stipulation "for the conversion of the policy, in case of default, into either of the customary forms of non-premium-paying insurance." Great Southern Life Ins. Co. v. Cunning-

ham, 128 Texas 196, 97 S. W. (2d) 692; Manhattan Life Ins. Co. v. Wilson Motor Co., 75 S. W. (2d) 721. It is argued by the Insurance Company in the present instance, that the policy provision set out above meets this test. We do not think so, for the reason that, by the term of said provision, action on the part of the insured, while the policy remained in force, was required in order to secure the benefit of the paid up insurance there provided. The statute says that the provision of which it speaks, shall "secure to the owner of the policy a stipulated form of insurance" etc. We are of the opinion that the Legislature, in using this language, meant a provision which will, by its own terms, automatically secure to the policy owner a specified form of non-premium-paying insurance. Essentially, this is the basis of the holding in the cases cited above. We are convinced, too, that both "paid up insurance" and "extended term insurance" are embraced within the purview of the term "stipulated form of insurance" as used in the statute, and that where a provision expressed in the policy automatically secures to the policy owner one or the other of these forms of insurance, the provision satisfies the statute in this respect and, except as qualified by the provision prescribed by the statute in respect to the surrender of the policy for a specified cash value, such provision controls the disposition of the residue of the reserve on the policy which the statute appropriates for the purchase of such type of insurance. The policy before us contains no provision respecting a stipulated form of insurance such as the statute requires. The only provision contained therein, which has any bearing on the subject at all, is the "Whole Life" policy provision hereinabove set out, which made the benefit of the paid up insurance there provided depend on an application being made therefor while the policy was in force. This clearly does not conform to the requirement of the statute. The provision does not, as the statute contemplates shall be done, automatically "secure" to the insured or the beneficiary a form of non-premium-paying insurance in case of default in the payment of premiums. In this situation the policy provision in question must be disregarded in arriving at a conclusion, and the terms of the statute must be read into the policy as constituting terms of the contract which the parties made at the time the policy issued. Considered as a term of the contract, the statutory provision to the effect that "a stipulated form of insurance" shall be secured to the policy owner implies the unqualified right in the insured (or beneficiary) to choose which particular form of non-premium-paying insurance shall be given effect. Since,

therefore, no choice in this respect was made by the insured in the present instance, and since "extended term insurance" still was available at the time insured died, it follows that Mrs. Foster has the contract right to choose, as she has done, this type of insurance to be given effect.

For the reasons shown above, the judgment of the trial court and that of the Court of Civil Appeals affirming same are affirmed.

Opinion adopted by the Supreme Court July 5, 1939.

Rehearing overruled July 26, 1939.