## ROGERS v. NATIONAL LIFE & ACCIDENT INS. CO., Inc.

### No. 13591.

Court of Civil Appeals of Texas. Dallas.

Feb. 2, 1945.

John S. Fannin, of Dallas, for appellant.

Read, Lowrance & Bates, of Dallas, for appellee.

LOONEY, Justice.

Gussie Porter Rogers, joined by her husband, sued The National Life & Accident Insurance Company, Inc., on its policy issued November 14, 1932, insuring the life of Phillip Martin, payable on death to his mother, Gussie Bryant (plaintiff's name at that time). The policy lapsed on June 6, 1938, for failure to pay premiums, and, under one of its provisions, was automatically converted into paid up insurance for $38. The insured died on June 23, 1941, and on the 24th, plaintiff assigned, sold and conveyed to Crawford Undertaking Company all her interest in the policy in payment of funeral and burial services for interment of the insured. Later,

on December 5, 1941, the defendant, National Life & Accident Insurance Company, Inc., paid the death claim of $38 and was receipted by Gussie Bryant and the Crawford Undertaking Company (assignee), who acknowledged full settlement, discharge and satisfaction of all claims against the insurance company under or arising out of said policy.

The case was submitted to the court below upon an agreed statement of facts, as authorized by Texas Procedure Rule 263, in which plaintiff conceded (Sec. 6) that, unless, under the statute, Art. 4732, Vernon's Ann.Civ.St., she was entitled to relief as if said policy had been converted into extended term insurance, she was not entitled to recover. Based upon the agreed facts, the court held that the policy became paid up for $38, which amount, after insured's death, having been paid by the insurance company to plaintiff and her assignee and accepted by them in settlement, she was not entitled to recover; judgment was rendered accordingly, from which this appeal was prosecuted.

But one point of error is presented by plaintiff, wherein she challenges the correctness of the judgment of the court below, contending that the automatic provision of the policy upon which the court based its judgment, was in derogation of the statute, subdivs. 6, 7, 8 and 9, Art. 4732, Vernon's, in that, as premiums had been paid on the policy for more than three years before default, insured in his lifetime, and plaintiff as beneficiary after his death, had the right to have written into the policy an option for extended term insurance, and to recover on that basis.

■ The statute invoked, subdiv. 7, Art. 4732, Vernon's, provides that in the event of default in the payment of premiums, after premiums have been paid for three full years (as in the instant case), there shall be secured to the owner of the policy (or beneficiary) a stipulated form of insurance, the net value of which shall be at least equal to the reserve at date of default. It has been held that this provision of the statute is satisfied where the policy contains a stipulation, as in the case at bar, for its automatic conversion into either of the customary forms of nonpremium paying insurance, which of course would include either paid up or extended term insurance. See American National Ins. Co. v. Foster, 133 Tex. 588, 130 S.W. 2d 287, 289, 290, and the authorities cited. In disposing of the case just mentioned, the court said: "We are convinced, too, that both 'paid up insurance' and 'extended term insurance' are embraced within the purview of the term 'stipulated form of insurance' as used in the statute, and that where a provision expressed in the policy automatically secures to the policy owner one or the other of these forms of insurance, the provision satisfies the statute in this respect * * *."

■ As the policy in suit contained a stipulation that secured to the owner (or beneficiary) paid up insurance on the contingency mentioned, the statute was satisfied; and, all parties at interest having settled on that basis, we think the court was correct in holding that plaintiff was not entitled to recover.

■ However, if it be conceded, as contended by plaintiff, that she had the right to have read into the policy a stipulation giving the option to choose either paid up or extended term insurance, yet, as the facts clearly show, she chose to settle on the basis of paid up insurance; in no event was she entitled to recover, and the court did not err in rendering judgment against her.

For the reasons stated, the judgment of the court below is affirmed.

Affirmed.