## BANKERS' RESERVE LIFE CO. v. SPRINGER.

### No. 3185.

Court of Civil Appeals of Texas. El Paso. March 28, 1935.

Rehearing Denied April 18, 1935.

J. F. Hulse and Turney, Burges, Culwell & Pollard, all of El Paso, for appellant.

William E. Clayton and Ernest Guinn, both of El Paso, for appellee.

HIGGINS, Justice.

March 18, 1923, the Bankers' Reserve Life Company, hereinafter called the Bankers' Company, issued to Donald E. Burr a policy insuring his life, in the sum of $2,500, and also providing that:

"If, while this Policy is in full force and effect, and while no payment of premium is in default, the Company receives due proof at its Home Office that the insured, before attaining the age of sixty years, has become totally and permanently disabled by bodily injury or disease originating after the delivery of this Policy, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing or engaging in any business for compensation, gain or profit, then the Company will allow the following benefits:

"(1) Waiver of Premium. The Company, commencing with the anniversary of the Policy next succeeding receipt of such proof, will waive payment of each premium becoming due during the continuance of such disability.

"(2) Monthly Income to Insured. In addition, commencing six months after receipt of such proof, the Company will pay each month to the insured, during his lifetime, but not to extend beyond either the maturity of this Policy or the continuance of such disability, a monthly annuity of $10.00 for each $1,000.00 of the face amount of this Policy."

The policy contains provisions which read:

"2. Grace. A grace of one month (not less than thirty days) subject to an interest charge at the rate of six per centum per annum, shall be granted for payment of every premium after the first, during which month the insurance shall continue in force. If the Insured shall die during the month of grace, the overdue premium will be deducted in any settlement hereunder."

"6. Automatic Paid-up Insurance. After three full years' premiums have been paid hereon. upon default in the payment of any subsequent premium, if the Insured has selected no other option, the Company, without action on the part of the Insured, will continue this Policy as a paid-up non-participating Whole Life Policy for the amount stated in Table B hereon, plus any outstanding additions hereto. Any existing indebtedness to the Company hereon shall first be deducted from the reserve in determining the amount of paid-up insurance."

The contract required the payment of an annual premium of $86.50. In April, 1930, it was mutually agreed that the premiums should be thereafter paid in quarterly installments of $22.92 each, on the 13th days of March, June, September, and December of each year.

January 21, 1931, Burr borrowed from the assurer pledging the policy as security.

Burr became insane and on April 18, 1932, the appellee, Mrs. Springer, was appointed as his guardian.

In April, 1933, the Ohio National Life Insurance Company acquired the assets and assumed the liabilities of the Bankers' Reserve Life Company.

The guardian filed this suit against both companies alleging that on or about January 1, 1931, Burr became insane, incompetent, wholly irresponsible, and totally and permanently disabled from disease originating after the delivery of said policy, and became and will be permanently, continuously, and wholly prevented by such insanity and disease from performing or engaging in any business for compensation, gain, or profit.

Judgment was sought for monthly payments of $25 each from January 1, 1931, with interest and attorney's fees.

In addition to a general denial the defendants set up failure of Burr to pay the quarterly premium due June 13, 1931, that such premium had never been paid, wherefore the policy lapsed and was canceled July 13, 1931, subject to the rights which plaintiff had under the provisions of the policy concerning automatic, paid-up insurance.

The loan to Burr was alleged and that the amount due thereon on June 13, 1931, was $397.94; that the cash surrender value of the policy was $343.75 on said date; that certain annuity coupons attached to the policy were of the value of $110.65; that the excess of the combined amount of the surrender value and the annuity coupons over the amount of loan was $56.46.

Failure to furnish proof of disability as required by the disability terms was alleged. It was also alleged that by reason of default in payment of the premium due June 13, 1931, the assured was entitled to purchase with said sum of $56.46 a paid-up nonparticipating whole life policy in the sum of $152. Liability for such a policy was admitted, and it was prayed that recovery be limited to recovery of such a policy.

The jury found: (1) That Burr was totally and permanently disabled as alleged; (2) that he became so disabled January 1, 1931; (3) that defendants had notice thereof within a reasonable time; (4) that $550 was a reasonable attorney's fee for plaintiff.

On December 29, 1931, Mrs. Springer wrote as follows:

"El Paso, Tex., Dec. 29, 1931.
"The Bankers Reserve Life Company,
"Omaha, Nebraska.
"In Re:  Policy No. 81240
"Donald E. Burr, Houston, Texas.
"Dear Sirs:

"Owing to the fact that my brother, Donald E. Burr, of Houston, Texas, is at present very ill, in a hospital, here, in El Paso, Texas, he has asked me to straighten out his affairs.

"I am appealing to you for the status of the above policy.

"I am in possession of all of his papers and in them I find a policy loan agreement dated 5-4-29, attested before a notary. I am also in possession of a policy loan agreement and letter from your home office, dated Feb. 4th, 1931, which seems not to have been completed.

"Please give me all the information possible in connection with this policy, together with a statement of what payments are due.

"Please understand that my brother is unable at the present time to attend to his personal affairs in the least particular and I am attempting, at his request, to straighten them out.

"Thanking you, I am,
"Yours truly,
"[Sgd.]  Mrs. Victor T. Springer
"[Stamp reading]  Received Jan. 2, 1932.
"Mrs. Victor T. Springer,
"2520 Pershing Drive,
"El Paso, Texas."

The reply reads:

(Letterhead of the Bankers' Reserve Life Company.)

"Home Office, Omaha, Nebraska,
"January 11th, 1932.
"Policy #81420
"Mrs. Victor T. Springer
"2520 Pershing Drive
"El Paso, Texas.
"Dear Mrs. Springer:

"Your kind letter is at hand in reference to the above numbered life insurance policy of your brother, D. E. Burr.

"We regret to find that the policy lapsed on our records and is null and void owing to his failure to take care of the premium which came due June 13th, 1931, and interest due on the loan at that time.

"That is nothing further due him under the policy as the amount of the loan outstanding and the cash surrender value were equal at that time.

"Very truly yours,
"[Sgd.]  R. R. Wagner,
"R. R. Wagner,
"RRW:C                Assistant Secretary."

On April 7, 1932, Mrs. Springer again wrote as follows:

"El Paso, Texas.
"April 7th, 1932.
"The Bankers Reserve Life Company,
"Omaha, Nebraska.
"In Re: Pol. No. 81420.
"Dear Sir:

"With reference to your letter dated Jan. 11th, 1932, in reply to mine of Dec. 29th, in

regard the above policy, I wish to call your attention to the condition of Mr. Burr, my brother, which existed at the time and before this policy lapsed.

"My brother is now in William Beaumont Hospital, El Paso, Texas, under care and treatment for dementia praecox, and has been pronounced incompetent, and application has been made for my appointment as gardian.

"I wish that you would send me such papers as you deem necessary in making due proof of total disability which I wish to file with you as against the above mentioned policy.

"Yours truly,
"[Sgd.]  Mrs. Victor T. Springer
"[Ståmp reading]  Received Apr. 9, 1932.
The Bankers Reserve Life Co.
"Mrs. Victor T. Springer,
"2520 Pershing Drive,
"El Paso, Texas."

To this letter she received no reply.

The plaintiff recovered judgment as prayed.

### Opinion.

■ Upon the merits of the case appellant asserts it was a condition precedent to liability under the disability provisions of the contract that due proof of such disability be received by the Bankers' Company at its home office (Omaha, Neb.) while the policy was in full force and effect and while no payment of premium was in default; that no such proof was made and under the automatic paid-up insurance provisions the assured was entitled only to the paid-up nonparticipating whole life policy for $152, which was tendered; wherefore, the recovery should have been limited accordingly.

We agree with the view that under the terms of the disability provisions, as written, such proof or waiver thereof was a condition precedent to the right to recover the benefits provided for total and permanent disability.

■ In considering this matter, it is pertinent first to inquire whether there was default in the payment of the premium due June 13, 1931, which would authorize the cancellation of the policy on July 13, 1931, as was attempted to be done.

The rule in this and other jurisdictions is well established that a life insurance company will not be permitted to assert that a policy, such as is here involved, has been forfeited for nonpayment of a premium, if at the time such premium became due such company had in its possession credits accruing to the assured upon the policy, presently payable to him, which are sufficient to pay the premium. Timmerman v. Bankers' R. L. Co., 122 Tex. 603, 63 S.W.(2d) 687, and cases there cited.

The defendant's answer shows that on June 13, 1931, it had in its possession credits accruing upon the policy presently payable to the assured in amount sufficient to pay in full the note of the assured to it and leave a balance of $56.46.

On the last day of grace (July 13) allowed for the payment of the premium due June 13, 1931, the Bankers' Company applied the credits to which Burr was entitled to the payment in full of the borrowed money, and instead of applying the said balance of $56.46 to the continuance of the policy as a paid-up nonparticipating whole life policy, as it was required to do by the policy, such company canceled the policy and appropriated said balance to its own use and benefit.

Under such circumstances the law applied said balance to the payment of the premiums due June 13 and September 13, 1931, to prevent forfeiture of the policy.

Timmerman v. Bankers' R. L. Co., supra. It was more than sufficient to pay such premiums together with the 6 per cent. interest charge during the 30-day grace periods.

The allowance of a month of grace for the payment of premiums was absolute subject only to the payment of interest. With the credit balance applied to the payment of said premiums and interest, the policy remained in full force and effect, and a premium payment could not properly be considered in complete default until the last day of the grace period had passed. The period of grace allowed for the payment of the premium due December 13 expired January 13, 1932.

■ The letter of the assistant secretary, dated January 11, 1932, coupled with the previous wrongful act of cancellation and appropriation of the credit balance constituted a denial by the Bankers' Company of all liability under the policy and operated as a waiver of proof of loss. 24 Tex. Jur. p. 1111, § 292. Such waiver was made while the policy was still in full force and effect and the period of grace allowed for payment of the December premium had not expired. The conditions of the disability provisions of the contract were thus fulfilled.

■ There is another view which precludes appellants upon this phase of the case. While the courts recognize a distinction between notice of claims for damages, referred to in arti-

cle 5546, R. S., and formal proofs of loss required by insurance contracts, yet such a provision in an insurance policy which operates in such manner as to conflict with article 5546, is governed by such article. American Surety Co. v. Blaine, 115 Tex. 147, 277 S. W. 619; Ætna C. & S. Co. v. Austin (Tex. Civ. App.) 285 S. W. 951; Id. (Tex. Com. App.) 300 S. W. 638.

In fact it has been held unconditionally that said article applies to provisions of insurance contracts relating to proofs of loss. Francis v. International T. Ass'n (Tex. Civ. App.) 260 S. W. 938; International T. Ass'n v. Francis, 119 Tex. 1, 23 S.W.(2d) 282; London & Lancashire Ins. Co. v. Higgins (Tex. Civ. App.) 68 S.W.(2d) 1056.

However, it is not necessary in this case to apply the ruling in these two last-cited cases.

■ But we do apply the ruling in American Surety Co. v. Blaine, supra, and Aetna C. & S. Co. v. Austin, supra, and hold that the limitation of time within which proof of loss through disability must be made is in conflict with article 5546.

In the first place, in many cases the time limitation would require the presentation of such proof in less than 90 days. If the disability occurred upon the last day of grace allowed for payment of a premium and such premium was not paid, the assured must present proof of loss at the home office of the Bankers' Company before midnight of the day of disability. Provisions which so operate are regarded as in conflict with the 90-day limitation prescribed by the statute. Citizens' Guaranty State Bank v. National S. Co. (Tex. Com. App.) 258 S. W. 468.

■ The statute requires that the time limitation must be reasonable. A provision which is unreasonable with respect to the time limit within which proof of loss must be furnished as applied to the facts of a particular case is contrary to the statute. Francis v. International T. Ass'n, supra; London & Lancashire Ins. Co. v. Higgins, supra.

■ In this case the insured became insane and thereby rendered incapable of complying with the requirement that he make proof of his disability. Some one in his behalf must later do so for him. Under the facts of this case, we also regard the time limitation unreasonable as a matter of law, and therefore in conflict with article 5546.

■ For the reasons stated, we regard the time limitation as in conflict with the statute,

and therefore invalid. Francis v. International T. Ass'n, supra. Being invalid, no time limitation was left, and the most appellants could insist upon in this respect is that proof or notice of disability be given it in a reasonable time. Such notice was given by Mrs. Springer's letters of December 29, 1931, and April 7, 1932, and liability denied by the Bankers' Company. The jury found that defendants had notice within a reasonable time, which finding is not questioned.

For the reasons stated, the provisions of the contract relating to proof of loss present no defense.

With respect to the insistence that the recovery should be limited to the tendered paid-up life policy, this is without merit for two reasons:

■ First: By its letters, all of which have not been quoted, the Bankers' Company denied that anything was payable upon the policy. In their pleadings, the defendants persisted in this denial until the filing of their second amended answer filed October 4, 1934, upon the eve of trial, when for the first time the credit of $56.46 was admitted, and they sought to apply the same to the purchase of the tendered paid-up policy. It was then too late for defendants to avail themselves of such right.

■ Second: In April, 1933, the Bankers' Company had transferred all of its assets to its codefendant and reinsurer. The insured could not be required to accept such policy from the reinsurer. The contract did not so obligate him.

Nor could he be required to accept such a policy from the Bankers' Company when such company had disposed of all its assets. It was not qualified to issue contracts of insurance.

■ Appellants also complain of rulings upon evidence. Under the view we have of the merits, the rulings present no error. In any event, the rulings were harmless (Rule 62a), in view of the undisputed and overwhelming evidence as to the insanity and disability of Burr and the date of its development.

Nor did the court err in overruling the motion for continuance. No purpose would be served by discussion of the rulings upon evidence and the motion. To do so would unduly prolong this opinion.

Upon the record we find no reversible error, and the judgment should be affirmed. It is so ordered.