## INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS AND HELPERS OF AMERICA et al. v. HUVAL.

### No. 3041.

Court of Civil Appeals of Texas. Beaumont.

Feb. 25, 1937.

Rehearing Denied March 3, 1937.

Barnes & Barnes, of Beaumont, for appellants.

J. R. McDougald and Gordon, Lawhon, Sharfstein & Bell, all of Beaumont, for appellee.

O'QUINN, Justice.

We shall refer to International Brotherhood of Boilermakers, Iron Shipbuilders And Helpers of America as the Brotherhood and to the American National Insurance Company as the Insurance Company.

Appellee was plaintiff below. He sued the Brotherhood and the American National Insurance Company to recover upon a life, health, and accident insurance policy in the sum of $1,000. He alleged that the insurance policy covered disability resulting in total, permanent incapacity to him while he was employed by the Gulf Refining Company, which policy terminated upon the termination of his employment with said company, unless he had then suffered such total permanent incapacity. He further alleged that his employment with the Gulf Refining Company terminated on March 30, 1934, and that at said date he had suffered total and permanent incapacity to perform his daily occupation, because of which he was then and there entitled to receive said insurance against such disability in said sum of $1,000, the face of said policy, for which he prayed, together with reasonable attorney's fees, and "such other relief, general and special, in law and equity, as plaintiff may show himself entitled to receive."

Appellants answered by general demurrer, special exceptions, general denial, and specially answered that the policy upon which recovery was sought, provided that proof of loss should be made to the Brotherhood within 30 days after the occurrence of the loss, and that such proof was not made, and that such proof was a condition precedent to recovery, the policy providing that failure to make such proof within such time would relieve the Brotherhood of all liability. It further specially answered that it was a fraternal brotherhood, against which attorney's fees and penalties, under the law, could not be imposed. It further specially answered that the policy required as a condition of liability that due proof of loss should be made within 30 days after the occurrence of the loss, and that such proof had not been made within 30 days, nor within 90 days, nor within a reasonable time from the alleged suffering of the loss, because of which no recovery could be had. The answer was verified.

The court overruled the general and special demurrers, and the case was tried to a jury upon special issues on their answers, to which judgment was rendered for appellee for the face of the policy, $1,000 and $350 attorney's fee, and $120 penalty. We have the case for review.

In answer to special issues, the jury found that appellee was totally and permanently disabled by reason of tuberculosis and a double hernia, and in answer to special issues Nos. 6 and 13 and 15 they found that such disability existed on March 28, 1934, and in answer to special issue No. 5, requested by appellant, they found that such total and permanent disability began on March 28, 1934. In answer to special issue No. 13 requested by appellant, they found that appellee was not disabled to do his usual work from March 28, 1934, to March 30, 1934. Having found that appellee was totally and permanently disabled on March 28, 1934, and then that he was not disabled to do his usual work from March 28, 1934, to March 30, 1934, inclusive, these findings are in conflict and destroy each other. The issue being of prime importance to a decision of the case, this conflict necessitates a reversal of the judgment.

Appellants assign error against the judgment awarding 12 per cent. penalty and attorney's fees against them. This contention is based upon the fact that appellant Brotherhood is a fraternal brotherhood and so not subject to article 4736, R.S.1925, as amended by Acts 1931, c. 91, § 1 (Vernon's Ann.Civ.St. art. 4736), authorizing a penalty of 12 per cent. of the policy and a reasonable attorney's fee for failure to pay the insurance within 30 days after demand therefor, and as appellant Insurance Company assumed the liability of the Brotherhood it would not be liable for such penalty and attorney's fee.

We overrule this contention: (a) While it is true that the Brotherhood is a fraternal benefit society within the meaning of chapter 8, title 78, of the Texas Civil Code (article 4820 et seq., as amended (Vernon's Ann.Civ.St. art. 4820 et seq.), yet it is a foreign organization issuing insurance benefits to its members, organized under the laws of the state of Kansas, and it appears that it has not at any time had a permit to do business in the state of Texas. That being true, it was not protected by article 4823, R.S.1925, exempting such societies from the terms of article 4736, but it was subject to the statutes that control life insurance policies, and so was liable for the payment of penalties and attorney's fees as provided in article 4736. Independent Or-

der of Puritans v. Brown (Tex.Civ.App.) 229 S.W. 939.

■ (b) Appellant International Brotherhood issued no policies of insurance on its members but contracted with an insurance company to make all payments under the policy and certificates of its members. Here the appellant American National Insurance Company, upon regular application by the Brotherhood, issued to it a group policy covering all the members of the Brotherhood, upon and by virtue of which policy said Brotherhood and said Insurance Company jointly issued to the members of said Brotherhood each a certificate of insurance showing the contract of insurance and its terms of payment in case of loss in conformity with the group policy contract issued by the Insurance Company to the Brotherhood. This certificate was signed by the Insurance Company and approved by the Brotherhood and delivered to the insured member of the Brotherhood. The policy issued by the insurance company to the Brotherhood incorporated in it article XII of the constitution and by-laws of the Brotherhood wherein it provided for and promised to pay to its members a death benefit of $1,000, or a disability benefit of $1,000 in the event such member became totally and permanently disabled as a result of accident or disease, and fully assumed all liability arising thereunder. It also in said group policy obligated itself as follows: "The Company agrees to pay the expenses of all litigation between an insured and the Company, or the International Brotherhood, wherever same may hereafter be pending upon notice of the institution of such litigation, unless the company shall decide to and pay the fees of the claim to the International Brotherhood, in which event if the litigation is thereafter further conducted the expense thereof shall be paid by the International Brotherhood."

We think the facts above set out show a joint undertaking between the Brotherhood and the Insurance Company to insure the members of the Brotherhood, and to pay such insurance as matured under and by virtue of the terms of the insurance contracts and the policy and the certificate issued thereunder. And, as the Insurance Company, appellant, assumed the liabilities of the Brotherhood in the insurance of its members and promised to pay same as set out in the policy, and further assumed to pay all the expense of any litigation arising out of the insurance contracts against the Broth-erhood, or the Company, it should be held that appellant Insurance Company was equally primarily liable with the Brotherhood, and so the judgment for penalties and attorney's fees against it was correct.

■ (c) Aside from either or both of the above holdings, and we think independent of them, the judgment for penalties and attorney's fee was correct because article 4831a, Vernon's Ann.Civ.St., specifically provides that, when a fraternal benefit society operating under chapter 8 of title 78 of the Revised Civil Statutes of Texas, governing fraternal benefit societies, fails to pay a loss for which it is liable, within 60 days after demand therefor, such society shall be liable to pay to the holder of such policy, in addition to the amount of the loss, 12 per cent. damages on the amount of such loss, together with reasonable attorney's fees for the prosecution and collection of same. The undisputed evidence showing that appellant Brotherhood is a fraternal benefit society, and that it was by its constitution and by-laws authorized to and did insure its members, among whom was appellee, and that appellant Insurance Company by its group insurance policy contracted with said Brotherhood to and did insure appellee, and, further, said Insurance Company by its contract with the Brotherhood agreed to and did assume all liability of the Brotherhood by reason of the policy and certificates of insurance covering its members, therefore, the Brotherhood being liable for the penalties and attorney's fees in question, so by its assumption contract was it also liable.

Appellants insist that appellee cannot recover and that the court erred in rendering judgment against them because: (a) The contract of insurance between the Brotherhood and appellee provided:

"Sec. 14. Any member of the International Brotherhood who shall suffer loss entitling him to benefits provided for in this article, shall within thirty days from the date of such loss, cause due proof to be given thereof to the International Secretary-Treasurer, upon blanks furnished for that purpose; and upon the furnishing of such proof, he shall be entitled to the benefits provided for such loss."

"Failure to comply with this section of this article within the time limited herein, shall relieve the International Brotherhood of any liability to such member for such loss."

And (b) the group policy of insurance issued by the Insurance Company to the Brotherhood insuring its members provided that "Any sum payable by the Company as a death or disability claim shall be immediately payable upon due proof and approval of the same at the office of the International Brotherhood in Kansas City, Kansas, for the use and benefit of the member and/or the beneficiary designated by the insured in accordance with the terms of this policy, as the case may be"; that the making of such proof of loss was a condition precedent to recovery; and that such proof had not been made. These provisions of the insurer's contracts and policies were pleaded under oath.

We overrule the assignment for the reasons:

■ (a) The requirement in the insurance contract between the Brotherhood and appellee that proof of loss should be made within 30 days after the loss is void because in conflict with article 5546, R.S.1925. Bankers' Reserve Life Co. v. Springer (Tex. Civ.App.) 81 S.W.(2d) 756 (writ refused); Southern Travelers' Ass'n v. Masterson (Tex.Civ.App.) 48 S.W.(2d) 771; Southern Travelers' Ass'n v. Cole (Tex.Civ.App.) 45 S.W.(2d) 675. The 30-day provision in the policy being void, then the law would require proof of loss within a reasonable time after the happening of the loss.

■ (b) We think that proof of loss was waived by appellants. Appellee alleged, and the evidence showed, that appellee's total and permanent disability occurred on March 28, 1934. It appears that on or about June 27, 1934, appellee obtained from the local secretary of Lodge No. 305 at Port Arthur, Tex., of which he was a member, a printed claim blank in the form prescribed and furnished by the Brotherhood, which he executed or filled out and verified, and also had his physician to likewise sign and verify, and delivered same to said local secretary to be forwarded to the Brotherhood at its main office at Kansas City, Kan., which was duly received by the Brotherhood, and by it returned to its local lodge and its secretary and appellee at Port Arthur, for its completion in some respects (that he was a member of said local lodge in good standing at the time he received his disability on March 28, 1934, and that he was disabled in the manner stated by the certificate or statement of his physician, and as to whether appellee claimed his disability under provision "a," or "b," or "c" of the insurance policy and by-laws), which additions, corrections, or completion, whichever it may be considered, requested by appellant Brotherhood were duly made and the proof returned to the Brotherhood at its main office at Kansas City, Kan., in response to which appellant Brotherhood denied any and all liability to appellee under his said disability claim for the reason that he was not totally and permanently disabled. When the Brotherhood returned the proof "for completion," which was after the expiration of the time stipulated in the by-laws and policy for making proof of loss, it made no objection to the proffered proof of loss as not having been duly made, nor did it in any way indicate that it intended to invoke lack of compliance with such provision in avoidance of liability on the policy, but, as stated above, returned same with request that the proof of loss be made more complete and thus had appellee to comply with its request, and then, after appellee had done so, notified its local lodge and appellee that it rejected the claim and refused to pay same because it did not appear that appellee had suffered total and permanent disability as by him claimed. The rejection of the claim was not in any sense based upon failure to furnish due proof of loss. These facts show a waiver of such requirement.

Appellants present other matters as error, some of which are believed to show error, but, as they are not likely to arise on another trial, they will not be discussed. The judgment should be reversed and the cause remanded for another trial, and it is so ordered.

Reversed and remanded.