**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILD-ERS & HELPERS OF AMERICA et al. v. HUVAL.**

No. 3890.

Court of Civil Appeals of Texas. Beaumont.

Aug. 1, 1941.

Rehearing Denied Sept. 17, 1941.

234

Frank S. Anderson, of Galveston, and Barnes & Barnes, of Beaumont, for appellants.

J. R. McDougald and Sharfstein, Bell, Weinert & Nelson, all of Beaumont, for appellee.

O'QUINN, Justice.

This is the second appeal in this case. For a statement of the nature of the suit, see our opinion on the former appeal, 101 S.W.2d 1072, and the opinion of the Commission of Appeals on writ of error, 133 Tex. 136, 126 S.W.2d 476.

The above mentioned opinions deny appellant's assignment that it was entitled to an instructed verdict on two grounds: (a) that appellee's injuries did not fall within the coverage of the insurance policy involved, that contention was made on the

former appeal and was overruled; and (b) that appellee did not furnish proof of his disability within the time provided by the policy, that contention was made on the former appeal and was overruled. Tex. Civ.App., 101 S.W.2d 1072.

Without reviewing the evidence, it is our conclusion that it supports the jury's verdict on the issues of the nature and extent of appellee's disability; that appellee furnished the required proof of disability within a reasonable time (the requirement in the policy that such proof be made within thirty days from the date of the accident or injury being void because in conflict with Article 5546, R.S.1925; Bankers' Reserve Life Ins. Co. v. Springer, Tex.Civ.App., 81 S.W.2d 756); that the evidence supports the submission of the issues with reference to a hernia and incapacity resulting therefrom.

■ The court did not err in excluding the parol testimony offered by appellants on the issue that the policy of insurance constituted a Kansas contract.

■ Appellant's theory that it was relieved from liability for the incapacity of appellee on the ground of change in its by-laws is overruled. Appellant's liability arose under the policy and by-laws as they existed at the time of the inception of the injury and loss of capacity. A subsequent change of the by-laws could not affect the liability already attached. The contract was to pay appellee compensation for the disability discussed on the first appeal. Appellant could not relieve itself of this contractual obligation by a subsequent change in its constitution and by-laws.

■ On the trial of the case, appellant objected to the admission in evidence of certain X-ray pictures of appellee, on the ground that they were not identified as pictures of appellee made at the time and place in question. These pictures were used by a doctor witness as a basis for his conclusion that appellee had suffered total and permanent incapacity. The assignment is overruled. These X-ray pictures were used on the former trial, and counsel for appellant admitted in open court that they had been in the custody of the court reporter at all times since the former trial. He further agreed to read from the record made on the former trial that these X-ray pictures were the ones referred to by the witness whose testimony was being read. The testimony positively identified the X-ray pictures as those taken of appellee.

■ The court did not err in refusing to submit appellant's requested issue on "total and permanent disability." The requested issue read: "Gentlemen of the jury, you are instructed that by the term 'total and permanent disability' as used in this charge, is meant that disability from bodily injury or disease which prevents the plaintiff from performing any work for compensation or profit."

Its refusal was not error because the court, in his main charge, submitted this issue directly as it affected appellee's ability to perform the work in which he was engaged at the time he suffered disability, and within the language of the policy contract as of the date of its execution.

■ In his charge, the court gave the following definition of the term "producing cause": "Producing cause means that cause which in the natural and continuous sequence produces the result complained of and without which the result would not have occurred."

The court did not err in refusing to define "natural and continuous sequence" as used in this definition. McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, 619, writ refused; Rio Bravo Oil Co. v. Matthews, Tex.Civ.App., 20 S.W.2d 342; Ford Motor Co. v. Whitt, Tex.Civ.App., 81 S.W.2d 1032, writ refused.

■ The requirement in the policy that proof of loss should be made within 30 days after the loss is void because in conflict with Article 5546, R.S.1925. Bankers' Reserve Life Co. v. Springer, Tex. Civ.App., 81 S.W.2d 756, writ refused. The 30-day provision in the policy being void, then the law would require proof of loss within a reasonable time after the happening of the loss. Since appellee had a "reasonable time" in which to submit his proof of his disability, the court did not err in submitting to the jury the issues of "waiver" as against appellant's objections to these issues. The evidence showed that appellant had full knowledge of the date appellee filed his claim. With that knowledge and with the knowledge of appellee's "financial standing because of delayed payment of dues on his insurance premiums," appellant notified appellee that its only reason for denial of his claim was that he was "not totally and permanently

disabled" within the by-laws of the Brotherhood.

We overrule the contention that special issue 8 submitted to the jury was duplicitous. It read: "Do you find from a preponderance of the evidence that such total and permanent disability * * * existed on March 28, 1934?"

The objection to the issue was that whether "total" and "permanent" disability existed on the named date should have been inquired separately.

The following issues submitted in connection with issue 8 relieved it of the objection made, to-wit:

"Special Issue No. 5. Do you find from a preponderance of the evidence that such physical disability of plaintiff (if any you have found) resulting from a bilateral inguinal hernia (if any you have found) was 'total disability' as that term has been defined and explained to you? Answer 'yes' or 'no.' "

"Special Issue No. 6. Do you find from a preponderance of the evidence that such total disability of plaintiff (if any you have found) which resulted from a bilateral inguinal hernia (if any you have found) existed on March 28, 1934? Answer 'yes' or 'no.' "

"Special Issue No. 7. Do you find from the preponderance of the evidence that such total disability of plaintiff (if any you have found) was 'permanent disability' as that term has been explained for you? Answer 'Yes' or 'no.' "

"Special Issue No. 8. Do you find from the preponderance of the evidence that such total and permanent disability of plaintiff (if you have found total and permanent disability) existed on March 28, 1934?"

This last issue, No. 8, was but a repetition of the substance of special issues numbers 5, 6, and 7, each properly framed and submitted, each directly submitting a single issue, and answered by the jury. No confusion resulted from the submission of the issue, nor did it result in any inconsistency in the answers.

Special issue No. 24, as submitted to the jury, inquired what would be a reasonable attorney's fee for legal services in representing appellee in the prosecution of his suit. In an effort to determine this issue expert testimony was adduced. The issue as submitted contained this expression, "for legal services of plaintiff's attorneys, rendered and to be rendered in the trial of this cause." Appellant objected to that portion of the issue reading "and to be rendered." The objection was overruled, and this is here assigned as error. The court did not err in receiving expert testimony as to what would be a reasonable attorney's fee for representing appellee in his suit. Appellee was entitled to a reasonable attorney's fee for the "prosecution and collection" of his claim. Article 4736, R.S. 1925, Vernon's Ann.Civ.St. art. 4736. On former appeal, we held appellant liable for attorney's fee. 101 S.W.2d 1072. The assignment is overruled.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

Affirmed.