INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS OF AMERICA ET AL V. J. R. HUVAL.

No. 7931. Decided October 14, 1942.
Rehearing overruled November 25, 1942.
(166 S. W., 2d Series, 107.)

*Wayman & Kleinecke,* of Galveston, and *Barnes & Barnes,* of Beaumont, for plaintiffs in error.

The contract of insurance was made under the Kansas law, which recognized the provision in the contract that notice must be given in thirty days as binding, and no proof of loss having been filed within 119 days after the loss was sustained, then the holding of the courts was contrary to Section 1, Article 14 of the Constitution of the United States, in that it abridged the rights of citizens of another state to contract, within the state, and deprived a person of his property without due process of law. Metropolitan Life Ins. Co. v. Wann, 130 Texas 400, 109 S. W. (2d) 470; Allgeyer v. Louisiana, 165 U. S. 578, 41 L. Ed. 832, 17 Sup. Ct., 427; Royal Arcanum v. Green, 237 U. S. 531, 59 L. Ed. 1089, 35 Sup. Ct. 724.

*J. R. McDougald, Sharfstein, Bell & Weinert,* and *John L. Bell,* all of Beaumont, for defendants in error.

In reply to plaintiff in error's proposition, set out above, cited: Texas Emp. Ins. Assn. v. Roberts, 135 Texas 123, 139 S. W. (2d) 80; Alexander Co. v. First Natl. Bank, 123 S. W. (2d) 908; Sturtevant v. Pagel, 134 Texas 46, 130 S. W. (2d) 1017.

*Henry S. Moser,* of Chicago, Ill., and *Dan Moody,* of Austin, filed briefs as amici curiae, on behalf of various insurance companies.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought by J. R. Huval against International Brotherhood of Boilermakers, Iron Shipbuilders & Helpers of America and the American National Insurance Company to recover disability benefits alleged to be due under a contract of insurance. The Court of Civil Appeals affirmed a judgment against both defendants in favor of the plaintiff. 154 S. W. (2d) 233. For opinions on a former appeal see 101 S. W. (2d) 1072 and 133 Texas 136, 126 S. W. (2d) 476. The defendants sued out a writ of error to this Court.

The International Brotherhood of Boilermakers, Iron Shipbuilders & Helpers of America, hereinafter referred to as the Brotherhood, is an unincorporated labor organization, with its home office in the State of Kansas, operating as a fraternal benefit society, with local lodges in Texas. The plaintiffs, who resided at Port Arthur, Texas, was a member of the Brother-

hood. The Brotherhood, as a part of the benefits accruing to its members, agreed through its By-Laws to pay its members certain disability and death benefits under stipulated conditions. In order to provide these benefits the Brotherhood in 1929 entered into a contract with the American National Insurance Company, a Texas life insurance company, with its home office at Galveston, Texas, to insure its members in the payment of the benefits provided for in the By-Laws. This contract of insurance was renewed from year to year, and was in force at the time the loss in question occurred in 1934.

■ The suit was against both the Brotherhood and the Insurance Company. We will first consider the liability of the Brotherhood. Whatever contract there was between the plaintiff and the Brotherhood for the payment of disability benefits, was created solely by the Constitution and By-Laws of the Brotherhood. The plaintiff introduced proof of the By-Laws of the Brotherhood as they existed in 1925. Under these By-Laws a member was entitled to recover for total disability, if he was totally disabled to the extent that he could not "perform his daily occupation." The plaintiff also introduced evidence to show that he had suffered an enlargment of a pre-existing double hernia, as the result of which he could no longer follow his daily occupation as a boilermaker. On the other hand, the defendant offered to prove that in 1930, long prior to the loss in question, the By-Laws of the Brotherhood has been amended so that in order to authorize recovery for total disability it was necessary for the plaintiff to prove that he was disabled to the extent that he could not follow any gainful occupation. The court refused to allow proof of the By-Laws as so amended. There was evidence that the plaintiff could no longer follow his daily occupation as a boilermaker, but could have followed, and that subsequent to his injury he had actually followed, other gainful occupations. At the time the plaintiff joined the Brotherhood, he expressly agreed to be bound by any subsequent changes that might be made in its By-Laws or rules, and such agreement was binding upon him in this case. 45 C. J. 36. Since whatever rights he had against the Brotherhood were controlled by the By-Laws, said defendant should have been permitted to prove what the provisions of the By-Laws were at the time the injury occurred, and it was error for the trial court to refuse it the right to do so. Because of this error the judgment of the Court of Civil Appeals, affirming the judgment in favor of the plaintiff against the Brotherhood, must

be reversed, and the cause remanded to the trial court for a new trial.

It does not follow, however, that the insurance company is not liable. The insurance company entered into a contract with the Brotherhood which was in part as follows:

"AMERICAN NATIONAL INSURANCE COMPANY
OF GALVESTON, TEXAS

(Hereinafter called the Company)

"Policy No. G-40,000

"By This Policy Hereby
Insures the Members of

The International Brotherhood of Boilermakers, Iron Ship-builders, and Helpers of America of Kansas City, Kansas.

(Hereinafter called the International Brotherhood)

subject to the terms and conditions hereinafter contained.

Immediately upon receipt, during the continuance of this contract, of due proof of the death or disability (as hereinafter defined) of any member of said International Brotherhood, the Company agrees to pay the amount as determined by the Plan of Insurance set forth below.

"PLAN OF INSURANCE

The amount of insurance on any member insured hereunder shall be determined as follows:

"*Universal Plan*

| | | | |
|---|---|---|---|
| "I. | Death from any cause | | $1,000.00 |
| "II. | Death by accident | | 2,000.00 |
| "III. | Total and permanent disability | | |
| | (a) | (Hereinafter defined) | 1,000.00 |
| | (b) | (Hereinafter defined) | 500.00 |
| | (c) | (Hereinafter defined) | 800.00 |

\*     \*     \*     \*     \*     \*     \*

Any sum payable by the Company as a death or disability claim shall be immediately payable upon due proof of the same at the office of the International Brotherhood in Kansas City, Kansas, for the use and benefit of the beneficiary designated

by the Insurance in accordance with the terms of this policy."

\* \* \* \* \* \* \*

*Members Insured*

Members are automatically insured in accordance with the terms of the Plan of Insurance on Page one, subject to the terms of this policy.

The International Brotherhood shall furnish the Company with the names of all members as they become eligible for insurance hereunder, with the information as to each necessary to determine the age, the amount of insurance, and the effective date of the insurance.

\* \* \* \* \* \* \*

*Total Disability*

If while this policy is in full force and there is no default in the payment of premiums, any insured member who becomes wholly and permanently disabled by accident or disease, so as to be totally and permanently prevented thereby for life from engaging in his usual occupation, and if satisfactory proof of such disability is furnished to the Company, then the Company will pay to the insured member of his designated beneficiary the lump sum settlements enumerated below.

\* \* \* \* \* \* \*

"The company further agrees that Article XII of the Constitution and By-Laws of the International Brotherhood, adopted on the twenty-sixth day of September, 1925, are hereby made a part of this contract the same as if set out herein at length, and the Company agrees to be bound thereby and to assume all liability incurred by the International Brotherhood thereunder, anything in this contract to the contrary notwithstanding, except in all cases where the policy is more favorable to the Brotherhood than the Constitution and By-Laws."

Said contract provided that the Insurance Company would issue to each member covered by the policy an individual certificate setting forth the protection afforded to him by the Insurance Company. In compliance therewith the Insurance Company issued and delivered to plaintiff an individual certificate, which provided in part as follows:

"Universal Plan

"AMERICAN NATIONAL INSURANCE CO.
OF GALVESTON, TEXAS.

Certificate No. 34863                                          Age 36

THIS IS TO CERTIFY THAT
INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP
BUILDERS AND HELPERS OF AMERICA

of Kansas City, Kansas, has contracted to insure

The life of Member J. R. Huval ____ Local Union No. 305, City
of Port Arthur, County of _____ State or Province of _____
Texas _____, for the sum of One Thousand Dollars with

AMERICAN NATIONAL INSURANCE COMPANY
Galveston, Texas

And it is understood that the benefits shall be:

| | | |
|---|---|---|
| I | Death from any cause _____ | $1,000.00 |
| II. | Death by accident _____ | 2,000.00 |
| III. | Total and permanent disability | |
| | (a) (Hereinafter defined) _____ | 1,000.00 |
| | (b) (Hereinafter defined) _____ | 500.00 |
| | (c) (Hereinafter defined) _____ | 800.00 |

\*    \*    \*    \*    \*    \*    \*

"The above benefits are to be payable in conformity with
the policy contract now held by the International Brotherhood
of Boilermakers, Iron Ship Builders and Helpers of America,
at their Home Office, in Kansas City, Kansas, to Lula Huval—
wife of the insured, the beneficiary named by the member with
the right reserved by him to change the beneficiary."

■ It will be noted that the insurance company by its con-
tract did not limit its liability to that incurred by the Brother-
hood under its By-Laws, which should be in effect at the time
the loss should occur, but its contract expressly provided that
Article XII of the Constitution and By-Laws of the Brother-
hood, *as it existed in 1925*, was adopted as a part of its con-
tract, and that the Insurance Company agreed to be bound
thereby. Under these circumstances the Insurance Com-
pany was bound by the provision of Article XII of
the Brotherhood's By-Laws, as that article existed in
1925, and regardless of any subsequent amendments thereto.
Said Article XII, as it existed in 1925, provided that the mem-
ber should receive total and permanent disability insurance if

he should be so disabled as to be unable to "perform his daily occupation." In addition, the Insurance Company's contract by its own terms, and independent of the reference to Article XII of the Brotherhood's By-Laws, as shown by excerpts therefrom (quoted above) expressly bound the Insurance Company to pay total and permanent disability insurance to a member in the event he should become wholly and permanently disabled by accident "so as to be totally and permanently disabled thereby for life from engaging in his usual occupation." As a consequence the Insurance Company suffered no injury by reason of the refusal of the trial court to permit it to prove that the By-Laws of the Brotherhood had been amended.

The By-Laws of the Brotherhood required proof of loss to be filed within thirty days from the date of loss, and further provided that failure to so file same would relieve the Brotherhood of all liability. The Insurance Company's contract merely required "due proof" at the home office of the Brotherhood. Proof of loss was filed 119 days after the injury occurred. The suit was defended by the Insurance Company on the ground that proof of loss was not filed within the time provided for in the contract.

We will assume for the sake of this discussion that the Insurance Company's contract contemplated that the proof of loss should be filed within the time stipulated in the Brotherhood's By-Laws. Under the law of Kansas, where the insurance contract was entered into between the Insurance Company and the Brotherhood, the provisions of the Brotherhood's By-Laws requiring proof of loss to be filed within thirty days is valid. On the other hand, our statute (Revised Civil Statute Article 5546) provides that any contractual provision requiring any notice of claim to be filed within less than ninety days is void. It becomes important, therefore, for us to determine whether the contract is governed by the laws of Kansas or by the laws of Texas.

Our statute, Revised Civil Statutes Article 5054, provides as follows:

"Art. 5054. Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby,

notwithstanding such policy or contract of insurance may pro- vide that the contract was executed, and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same."

■ The American National Insurance Company was incorporated under the laws of this State, maintained its home office at Galveston, Texas, and at all times here in question was doing business in Texas as an insurance company. The plaintiff, the insured, was a citizen and inhabitant of this State. Very clearly, the contract entered into by the Insurance Company was a contract of insurance payable to the plaintiff. It provides that the Insurance Company "By this policy hereby insures the members" of the Brotherhood. It provides that the "members are automatically insured in accordance with the terms of the plan of insurance," on page 1 of the policy. It provides that any sum payable as a disability claim shall be payable "for the use and benefit of the beneficiary designated by the insurance in accordance with the terms of this policy," and that upon proper proof, "the Company will pay to the insured member of his designated beneficiary the lump sum settlements enumerated" in the policy. The individual certificate issued by the Insurance Company, and delivered to the plaintiff, expressly states that the Insurance Company has contracted to insure "The life of Member J. R. Huval," and in the event of his death the benefits are payable to "Lula Huval, wife of the insured." Under these circumstances we hold that the contract entered into by the Insurance Company was an insurance contract, payable to a citizen of this State by an insurance company doing business within this State, and that the Insurance Company, under the provisions of Revised Civil Statutes Article 5054 (quoted above) must be held to have contracted under and by virtue of the laws of this State, including Article 5546, which renders void any stipulation in a contract requiring notice of a claim for damages to be filed within less than ninety days after the loss occurs. This renders void that provision of the contract which required that the proof of loss be filed within thirty days after the loss occurred. There was no express provision left in the contract fixing any definite time within which the claim should be filed; and, at most, the Insurance Company could only insist that it be filed within a reasonable time. Bankers' Reserve Life Ins. Co. v. Springer, 81 S. W. (2d) 756 (writ refused). We can not say,

as a matter of law, that under the circumstances of this case the filing of the proof within 119 days was not within a reasonable time. We overrule this contention.

For the same reason as above set out there was no error on the part of the trial court in applying the law of this State which requires an insurance company to pay reasonable attorney's fees upon its failure to promptly pay its claims.

This case is distinguishable from the case of Boseman v. Connecticut General Life Ins. Co., 301 U. S. 196, 81 L. Ed. 1036, 57 S. Ct. 686, 110 A. L. R. 732. In that case the insurance company was not doing business in Texas at the time it entered into the contract. The contrary is true in this instance. In the case of Metropolitan Life Ins. Co. v. Wann, 130 Texas 400, 109 S. W. (2d) 470, 115 A. L. R. 1301, this Court had under consideration a group policy issued in the State of New York by a New York corporation, and the question arose as to whether it would be governed by the laws of Texas under and by virtue of the provisions of Article 5054. This Court remanded the cause to the trial court for new trial to ascertain whether or not the company issuing the policy was doing business in Texas at the time it entered into the contract, it being held that if it was so doing business in Texas at that time, the contract would be governed by the laws of Texas.

It appears that the error which requires a reversal of the judgment against the Brotherhood affects that part of the judgment only, and not the judgment against the Insurance Company, and that the issues are entirely severable. Consequently, under the provision of Rule 503, Texas Rules of Civil Procedure, we are authorized to reverse that part of the judgment in which error was committed, and to affirm the remainder thereof. Accordingly, the judgment against the Brotherhood is reversed, and the cause is remanded to the trial court for a new trial; and the judgment against the Insurance Company is affirmed. Of course, if plaintiff succeeds in satisfying his claim in full from the Insurance Company, he will not be entitled to a second satisfaction from the Brotherhood.

Opinion delivered October 14, 1942.

### ON MOTION FOR REHEARING.

In their motion for rehearing the defendants assert that if Revised Statutes Article 5054 is applied in this case so as

to take away the right of the parties to make their contract a Kansas contract, governed by the law of that State, it is unconstitutional, because it takes away the right of the parties to contract as they see fit. It should be noted, however, that the contract here under consideration is an insurance contract payable to a citizen of this State by a Texas insurance company, doing business as such in this State. A State may lawfully limit or prohibit the making of certain contracts between citizens of such State. Hooper v. California, 155 U. S. 648, 39 L. ed. 297, 15 S. Ct. 207, 5 Interstate Com. Rep. 610; Orient Ins. Co. v. Daggs, 172 U. S. 557, 565, 566, 43 L. ed. 552, 555, 556, 19 S. Ct. 281; New York L. Ins. Co. v. Cravens, 178 U. S. 389, 398, 44 L. ed. 1116, 1123, 1124, 20 S. Ct. 962; Hartford Acc. & Indem. Co. v. Delta & Pine Land Co., 292 U. S. 143, 78 L. ed. 1178.

The motion for rehearing is overruled.

Opinion delivered November 25, 1942.