## TRIPP v. WATSON.
### No. 15204.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 22, 1950.

Rehearing Denied Jan. 19, 1951.

---

1. The writer of the note in 28 Texas Law Review 283, recommends legislation adopting the dilution doctrine in Texas.

Samuels, Brown, Herman & Scott, Cantey, Hanger, Johnson, Scarborough & Gooch, Howard Barker and J. Lee Johnson, III, all of Fort Worth, for appellant.

James R. Wiley, of Denton, Mays & Mays and Dave Miller, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

A small panel truck operated by plaintiff Watson collided on the highway with a large van type truck owned by defendant Tripp. The chief contention of each of the parties is that the other was on the wrong side of the road. Various other grounds of negligence and contributory negligence were pleaded and submitted to the jury. The verdict was favorable to the plaintiff, and defendant has appealed, presenting sixteen points of error.

The jury found that defendant's truck was being operated while a portion of it extended over defendant's left hand side of the center of the highway, that such was negligence and a proximate cause of the collision; that the driver of defendant's truck failed to dim his lights as the two vehicles approached each other, that such was negligence and a proximate cause of the collision; that defendant's truck was traveling at fifty-five miles per hour, that such was negligence and a proximate cause of the collision.

Defendant argues at length in his brief that the physical facts and circumstances conclusively show that the collision could not have occurred in the manner claimed by plaintiff. Defendant's theory is based largely on the fact that plaintiff's truck, when it came to rest after the collision, was on plaintiff's left side of the road, which was the east side, that plaintiff's hand, which was cut off, was picked up on the east side of the road, and that most of the debris resulting from the collision was on the east side of the road. The contention is without merit. Considering the evidence favorable to the verdict, it showed that the left front wheel of plaintiff's truck was knocked off in the collision and that plaintiff's truck careened across the highway after the collision. There was evidence that plaintiff's hand was picked up in almost the center of the highway. Defendant's evidence was in conflict in some respects with that offered by plaintiff, but it was the function of the jury to resolve these conflicts. Although defendant argues that plaintiff's testimony and that of a man who was riding in the car with him was incredible in view of the physical facts, it seems to us that there is nothing unusual about an automobile careening across the highway after being struck. Plaintiff's truck came to rest some forty or fifty feet from the point where defendant's truck came to rest. The latter truck turned over onto its left side, and came to rest with its cab facing east, and with the rear part of the truck extending over to the west, which was defendant's left, side of the highway. The testimony in this respect shows that there was some movement of the vehicles after the moment of collision. Under the circumstances shown by the evidence, we find nothing unreasonable about the explanation of plaintiff and his companion that plaintiff's truck crossed the highway after being struck. Certain other circumstances are pointed out by defendant, but there is no way the evidence can be reasonably construed except as presenting issues of fact for the jury to decide.

The fourth point of error complains of the overruling of defendant's special exceptions to plaintiff's petition, referring, we suppose, to all of defendant's exceptions. There is no statement or argument in the brief relating to this contention, so it is in order to treat the point of error as waived. However, we have examined the special exceptions and the court's order overruling them, and find no reversible error in his action.

Defendant claimed that plaintiff was intoxicated, and sought to introduce in evidence a record of plaintiff's conviction for driving while intoxicated on an occasion several months prior to the date of this collision. The trial court excluded the evidence. It is the general rule, to quote from 17 Tex.Jur. 393, that "testimony as to other similar but disconnected acts of negligence upon similar occasions is inadmissible on an issue as to whether a party has been negligent in doing or failing to do a particular act, * * *." Evidence of intoxication at or near the time of the accident is admissible as a circumstance to be considered with other facts in evidence in determining the question of negligence, but ordinarily it is not permissible to show that the driver was in the habit of drinking intoxicating liquor, or was intoxicated at some time remote from the date of the accident. 61 C.J.S., Motor Vehicles, § 516, p. 250. We do not have the case where a driver has confessed to having been intoxicated on the occasion in question by having pleaded guilty to a criminal charge of driving while intoxicated on the same occasion. Appellant has argued the point of error at some length in his brief, but the proposition of law involved is so well settled as not to require extended discussion. The conviction was not admissible for impeachment purposes on the theory that the offense was one involving moral turpitude. We might also add that there was no competent evidence showing that plaintiff was intoxicated on the occasion in question.

The evidence showed that plaintiff did not have a driver's license. Defendant endeavored to show the reasons why plaintiff had been refused a driver's license. During the course of the many objections that were made concerning the matter, and

the numerous colloquies between court and counsel, plaintiff's counsel said, "Your honor, when they prove he didn't have a driver's license—we admit that he didn't have and we admit that they are entitled to prove it, but we don't admit that you are entitled to cut his arm off because he didn't have any." Assuming, without deciding, that the remark was erroneous, it was not of enough consequence to be treated as a reversible error, especially in view of the fact that the court promptly instructed the jury not to consider it.

▆ Under the seventh point of error complaint is made, in general fashion, of alleged inflammatory and prejudicial remarks made by plaintiff's counsel during the examination of the witness Foster in the guise of objections to the admission of certain evidence. Appellant does not in his brief point out any particular statements as being objectionable, but invites us to read all of the statement of facts showing examination of this witness. Appellant has not complied with elemental rules of briefing in presenting this point of error, and it will not be considered.

▆ While the witness McDuff was testifying, plaintiff's counsel made an objection, which the court sustained. Plaintiff's counsel then said, "Now we object to the witness nodding his head if the court please. He don't have to be led, he is perfectly willing. And to get before the jury and nod when the court has sustained the objection doesn't set well with us at all." The court said that he did not observe the nod, and instructed the jury not to consider the nod if they saw it. We can see no reversible error in this trivial happening.

▆ The witness McDuff, a state highway officer, testified concerning a conversation he had had with the man who was riding with plaintiff at the time of the collision. A substantial part of his testimony was a relation of what the passenger had hold the highway officer, at the hospital to which he had been taken, with reference to whether the plaintiff had been drinking. Such evidence was hearsay, and incompetent for any purpose save possibly for the purpose of impeaching the passenger who

had testified as a witness, and ought not to have been admitted, especially over the objections made to it by plaintiff. In the course of the examination of the highway officer, plaintiff's counsel asked the officer if he did not tell the passenger that he would take him down to the office and whip him. There was no evidence that the officer made such a statement to the passenger. Under the circumstances presented by the whole record, we are not willing to reverse the judgment because of this happening. It is likely that the occurrence would not have taken place but for defendant's persistant attempts to get before the jury the hearsay statements made by the passenger to the highway officer.

▆ There was no error in the refusal of the court to allow the highway officer to testify, in response to a question by defendant, that defendant's truck was not of such width that its use was prohibited on the highways. This was not a proper way to prove the law.

▆ The sixth special issue inquired if defendant's driver failed to dim his lights. The seventh and eighth issues were the accompanying inquires as to negligence and proximate cause. Appellant contends that there was no evidence to support these issues. In the first place, the answers to other issues support the judgment. In the second place, the testimony of plaintiff and his passenger was sufficient to justify submission of the issues.

▆ The twelfth issue inquired whether defendant's driver had his truck under control immediately prior to the collision. Appellant says that the same inquiry was embodied in the other issues, inquiring as to speed, dimming the lights, and being on the wrong side of the highway, and that the submission of the proper control issue constituted undue emphasis on plaintiff's case. Undue repetition of issues should not be tolerated, 41 Tex.Jur., Trial—Civil Cases, § 267, p. 1088, but repetition is not necessarily reversible error, especially where there is no reason to believe that confusion resulted from the manner of submission. International Brotherhood of Boiler Makers, Iron Shipbuilders and Help-

ers of America v. Huval, Tex.Civ.App., 154 S.W.2d 233, reversed in part on other grounds, Id. 140 Tex. 21, 166 S.W.2d 107. Appellant cites cases in which it was held that the trial court did not err in refusing an issue on proper control, but none in which the giving of such an issue was held to be reversible error.

Plaintiff's arm was severed above the elbow. Appellant contends that the judgment for $15,000 was excessive. We do not think so.

The evidence supported the allowance, in the charge on damages, for future pain and suffering.

Appellant complains of the refusal of the court to submit a requested issue, and the accompanying negligence and proximate cause issues, inquiring if plaintiff failed to yield the right of way. The essence of the question was contained in the issue submitted by the court which inquired if plaintiff was operating his truck across the center stripe of the highway. Under the circumstances, if it can be said that the question of right of way is in the case, it could have pertained only to the question of whether plaintiff was on his side or on the opposite side of the highway.

Appellant complains of the refusal of the court to submit the following requested instruction:

"You are instructed that Art. 6687b Sections 2, 7 and 9 Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 6687b, §§ 2, 7, 9] prohibit the operation of passenger or commercial vehicles upon the highways of this State by any person unless such person has the valid license as an operator, commercial operator or chauffeur. You are further instructed that Art. 6687b Revised Civil Statutes of Texas requires an applicant for an operator's, commercial operator's, or chauffeur's license to successfully pass an examination prior to the issuance of a license."

The requested instruction was not one which would have aided the jury in answering any of the issues submitted to them, nor was it a definition of any term contained in the charge. Under the decision in Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481, the court correctly refused to give the instruction.

The large question in this case was whether the collision occurred on the west or on the east side of the highway. The vehicles collided, and it is indisputable that one of them was on the wrong side of the road. The evidence about it was conflicting. The jury resolved the conflict by their verdict. A great deal of effort was made to show the plaintiff was intoxicated, but there was no proof that he was. But even if he had been intoxicated, he would have been entitled to recover on the verdict. The same can be said about the fact that he did not have a driver's license. If he was intoxicated, or if he did not have a driver's license, the jury had the right to consider such matters along with the evidence as to negligence, and defendant had the right accordingly to show such facts if he could. There was a great deal of objecting to the evidence, and many colloquies between court and counsel. The minor incidents we have described, when considered in the light of the whole record, are not such as probably affected the verdict. Rule 434, Texas Rules of Civil Procedure. We have given careful study to the lengthy brief filed by appellant, and to the pertinent parts of the record. It is our opinion that no reversible error is presented.

Judgment affirmed.