

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 7, 1971

Hon. James L. Slider, Chairman
State Affairs Committee
House of Representatives
State Capitol
Austin, Texas   78711

Opinion No. M- 831

Re: Validity of House Bill
442 of the 62nd Legisla-
ture, R.S. 1971, prohibiting
members, employees and
agents of the State Board
of Insurance from receiving
any compensation from an
insurer doing business in
Texas within six years
after leaving his position
with the State.

Dear Mr. Slider:

Your request for an opinion asks whether the provisions
of House Bill 442 of the 62nd Legislature, Regular Session, 1971,
are valid.  The Bill amends Article 1.09-3 of the Texas Insurance
Code to read as follows:

"Article 1.09-3.

"(a)  All members of the State Board of In-
surance, Commissioner of Insurance, and all em-
ployees and agents of the State Board of Insurance
shall be subject to the code of ethics and the
standard of conduct imposed by Chapter 100, Acts
of the Fifty-fifth Legislature, Regular Session,
1957.

"(b)  In addition to the code of ethics and
standard of conduct imposed by Subsection (a) of
this Article, no person subject to Subsection (a)
may receive, within six years after leaving his
position or job with the Board, compensation from
any insurer doing business in this state."

Section 19 of Article I of the Constitution of Texas
reads:

"Sec. 19.  No citizen of this State shall be
deprived of life, liberty, property, privileges or
immunities, or in any manner disfranchised, except

-4025-

by the due course of the law of the land."

The liberty of contract which includes the corresponding right to accept a contract proposed, is a constitutional right protected by the provisions of Section 19 of Article I of the Constitution of Texas, above quoted.  In St. Louis Southwestern Ry. Co. v. Griffin, 106 Tex. 477, 171 S.W. 703 (1914) the Supreme Court stated:

"The citizen has the liberty of contract as a natural right which is beyond the power of the government to take from him . . ."  (at p. 704).

We are aware that the freedom of contract may be limited where there are visible reasons of public policy for the limitation and the right to contract while protected by Section 19 of Article I is not an absolute right and is subject to reasonable regulation in the interest of public welfare.  International Brotherhood v. Huval, 140 Tex. 21, 166 S.W.2d 107 (1942); Hatridge v. Home Life & Acc. Ins. Co., 246 S.W.2d 666 (Tex.Civ.App. 1951, no writ).

It is therefore our opinion that the prohibitions contained in this Bill are violative of an individual's constitutional right of contract which is protected by Section 19 of Article I of the Constitution of Texas.

You are accordingly advised that the provisions of House Bill 442 of the 62nd Legislature, Regular Session, 1971, are unconstitutional, being in violation of Section 19 of Article I of the Constitution of Texas.

## S U M M A R Y

House Bill 442 of the 62nd Legislature, R.S. 1971, wherein it would prohibit all members, agents and employees of the State Board of Insurance from receiving compensation from any insurer within six years after terminating their official position with the State violates Section 19 of Article I of the Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By _Nola White_
NOLA WHITE
First Assistant

-4026-

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jay Floyd
James Quick
Wardlow Lane
Ivan Williams

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant